## HARN v. OKLAHOMA CITY *et al.*

No. 4008.    Opinion Filed May 4, 1915.

Rehearing Denied June 15; 1915.

(149 Pac. 868.)

MUNICIPAL CORPORATIONS—Public Improvements—Special Assessments—Injunction—Petition—Parties.    In an action for injunction against a city of the first class, its mayor and councilmen, and a, street improvement contractor, seeking to restrain the collection of assessments against plaintiff's lots to pay for street improvements made by such city, where the petition of plaintiff fails to show any act remaining to be performed by such city, its officials or the contractor, necessary to the collection of such assessments, but shows that the same have been certified to the county clerk, and by him spread on the tax rolls of the county, and are about to be collected by the county treasurer, and the only affirmative relief sought is an injunction against said county clerk and county treasurer collecting said assessments, such petition wholly fails to state a cause of action.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*John J. Carney, Judge.*

Action by Alice Harn against Oklahoma City and others for an injunction.    Judgment for the defendants, and plaintiff brings error.    Affirmed.

See, also, 43 Okla. 501, 148 Pac. 1040.

*W. F. Harn,* for plaintiff in error.

*V. V. Hardcastle,* Assistant Municipal Counselor of Oklahoma City, for defendant in error Oklahoma City.

*Burwell, Crockett & Johnson,* for defendant in error Cleveland-Trinidad Paving Company.

BROWN, J.    This action was originally commenced by plaintiff in error, plaintiff below, in the district court of Oklahoma county, against defendants in error, the city of Oklahoma City, its mayor and city council, and the Cleveland-Trinidad Paving Company, a corporation, to

enjoin the collection of assessments made by the mayor and city council and the city of Oklahoma City against the property of plaintiff in error to pay for paving and other street improvements on East Fifth street, in said city. On May 25, 1911, the case was tried to the court without a jury, all parties being present. After plaintiff had introduced her evidence and rested, the court sustained defendants' demurrer to plaintiff's evidence, to which plaintiff excepted. No further order was made by the court pertaining to the merits of the case, and no formal order was made denying plaintiff's prayer for injunction or rendering judgment for defendants, but all parties appear to have treated the above-mentioned order of the court as a judgment against plaintiff and in favor of defendants; and at the request of the plaintiff her motion for a new trial was considered as filed and overruled by the court, and exceptions allowed, and plaintiff allowed time in which to make and serve case-made, and she brings error to this court, and both parties have filed briefs herein. Plaintiff in error's brief contains no specific assignment of errors, unless the following on page 5 of her brief may be considered as such:

"Errors 1 (not rendering judgment for plaintiff on the pleadings), 5 (sustaining defendants' demurrer), 6 (refusing a new trial), and 7 (overruling plaintiff's motion for a new trial), being broad, cover specific allegations in the more detailed specifications thereafter."

The petition in error complains of numerous alleged errors numbered 1 to 18, inclusive, and Nos. 1, 5, 6, and 7, corresponding with the above-mentioned numbers, in plaintiff in error's brief are as follows:

"(1) The court erred in not rendering judgment for plaintiff in error and against defendants in error on the pleadings.

"(5) Said court erred in sustaining demurrer of defendants in error to the evidence of plaintiff in error.

"(6) Said court erred in refusing to grant plaintiff in error a new trial.

"(7) Said court erred in overruling the motion of plaintiff in error for a new trial."

The brief of plaintiff in error does not comply with rule 25 of this court (38 Okla. x, 137 Pac. xi) as to the first assignment of error, in that it does not contain or set forth any part of the pleadings or any facts or evidence pertaining to the allegations therein; but, since the substance of plaintiff's petition is set forth in the brief of defendants in error, also some evidence relating to the allegations therein, we will discuss plaintiff's assignment No. 1, a consideration of which, we think, will dispose of the entire case.

It appears from the allegations of plaintiff's amended petition, upon which the case was tried below, that in August or September, 1905, the mayor and city council of the city of Oklahoma City passed a resolution declaring it necessary to pave and otherwise improve a certain portion of Fifth street, in said city, particularly described and designated in the resolution. The resolution directed publication thereof, and recited, in substance, that if the property owners of a majority of the lots and lands liable for the costs of said improvements should not, within 20 days after said publication, file with the city clerk a protest against the improvements, the city council would cause said improvement to be made and contract therefor at the, expense of the lots and lands liable for such cost, as provided for in article 2, c. 8, Sess. Laws of 1900 of the Territory of Oklahoma, and would issue such certificates against the lots and lands as provided by law. Within 20 days from the publication of such resolution Alice Harn and a number of others claiming to be owners of a majority of the lots affected by said improvements filed with the city clerk a written protest against the paving, etc., of

Fifth street referred to in the resolution. In January, 1906, the city council declared the protest insufficient, and proceeded to advertise for bids for the improvements referred to, and on the 19th of February, 1906, the council let the contract for the improvements to the defendant Cleveland-Trinidad Paving Company, a corporation of the state of Ohio. Afterwards a board of appraisers was appointed, and the cost of the contemplated improvements apportioned to the lots owned by plaintiff and others claimed to be liable for the costs thereof. Notice was published of the date and place where the city council would meet for the purpose of hearing objections to the report of the board of appraisers and to adjust and approve the same; the cost of the improvements having been ascertained to be $18,441.20. Before the date set by the city council for the consideration and adjustment, etc., of the report of the board of appraisers, plaintiff, Alice Harn, filed with the city clerk her objections and exceptions to the appraisers' report, etc., so far as it affected her land in the improvement district, alleging as grounds therefor that there was no law for making such assessment against said lots. It is alleged that the city council ignored plaintiff's protest, and about August 2, 1906, the city council approved the appraisers' report and apportionment, and by ordinance levied an assessment against the property of plaintiff and others affected by said improvements for the amount apportioned to said lots by the board of appraisers; that the assessment so made was duly certified to the county clerk of Oklahoma county, and by him extended on the tax rolls of said county, and the tax rolls containing said amount so assessed were delivered to the county treasurer of said county, and the petition alleges the said treasurer is threatening to collect said assessment, and will do so unless restrained therefrom.

Plaintiff in her petition attacks each and every proceeding of the mayor and city council, from the resolution declaring the said improvements to be necessary to and including the final assessment of the cost thereof against plaintiff's property, and in detail alleges them to be void. The petition alleges the plaintiff is without adequate remedy at law, and contains the following prayer:

"(1) That the county clerk of the said county be perpetually enjoined from entering said assessments or any part of them on the tax rolls of said county.

"(2) That the county treasurer of the said county be perpetually enjoined and restrained from attempting to collect the said assessments against plaintiff's lots aforesaid or any portion thereof, and from taking any action whatsoever to enforce the collection or payment of the said assessments or pretended assessments against plaintiff's lots as aforesaid or any portion thereof, and from taking any steps whatever in the way of enforcing the collection of the said assessments or any portion thereof, or the collection of any assessments whatever made on the said East Fifth street improvements.

"(3) That the mayor and city council of the said city of Oklahoma City and all of the defendants be perpetually restrained and enjoined from taking any further action whatever in the way of enforcing or attempting to enforce the collection of the said attempted assessments or any portion thereof against the lots belonging to the plaintiff as aforesaid or the collection of any assessments based on the said East Fifth street improvements.

"(4) That plaintiff recover of defendants her costs in her behalf expended and be given all other just and equitable relief to which she may be entitled."

It appears from plaintiff's petition that at the time of filing her suit in the trial court the mayor and city council had done and performed all that was necessary or intended to be done by them relative to the assessments against plaintiff's property for the collection thereof, and it is not alleged that the mayor or city council or the defendant

Cleveland-Trinidad Paving Company are offering, intending, or threatening to do any further act affecting plaintiff's property. The only allegation in the petition as to subsequent acts affecting plaintiff's property is as follows:

"The said county clerk has placed the said purported assessments on the tax rolls of the said county and transmitted the said tax rolls with the said purported assessments to the county treasurer of Oklahoma territory, and will continue so to do for each annual installment for a period of ten years unless restrained by this court; that Charles McCafferty is the regularly elected and duly acting county treasurer of said county, and threatens to attempt to collect the assessments levied as aforesaid, and extended on the tax rolls of said county against the lots of plaintiff herein set out in her petition. The said county treasurer as aforesaid, unless restrained by this court, will declare the tax claimed to be due by reason of said purported assessments delinquent of payment by plaintiff, and will advertise the said lots for sale and will sell the said lots to satisfy the said illegal assessments."

It therefore appears that the affirmative relief sought by plaintiff in the court below was a judgment of said court restraining and enjoining the county clerk of Oklahoma county from further entering upon the tax rolls of said county the assessment made by the city council against plaintiff's property for the cost of the street improvements referred to, and enjoining and restraining the county treasurer of Oklahoma county from collecting or attempting to collect such assessments. Neither the county clerk nor the treasurer of Oklahoma county was a party to plaintiff's action in the court below, and therefore no judgment could be rendered against them.

The judgment of the district court is, therefore, affirmed.

All the Justices concur.