## CITY OF MUSKOGEE et al. v. NICHOLSON et al.

No. 7777—Opinion Filed Feb. 26, 1918.

Rehearing Denied April 16, 1918.

(171 Pac. 1102.)

1. **Municipal Corporations—Special Assessment—Validity—Contract for Improvement.**

The failure to have made by the city engineer and submitted to the council or commissioners of a city an estimate of the cost of a street improvement, as required under the provisions of section 602, Rev. Laws 1910, renders a contract for such street improvement, entered into in the absence of such preliminary estimate of cost, void, and the assessments against the abutting property to pay the cost of improvements so contracted for are likewise void.

2. **Same—Special Assessment—Action to Set Aside—Limitations.**

The period of limitation provided in section 644, Rev. Laws 1910, within which an action may be brought to set aside a special assessment made against lots abutting upon a street to pay the cost of paving said street, is not applicable as a bar to an action to enjoin the collection of such assessment when the proceedings upon which it is based are void.

3. **Injunction—Recovery—Laches.**

In an action for injunction where the facts

in the case are such as to appeal to the conscience of a court of equity, the laches of the, plaintiff does not necessarily bar a recovery,

4. **Municipal Corporations—Special Assessments—Action for Injunction—Parties.**

In an action to enjoin the collection of taxes or special assessments where such action will lie, the county treasurer or officers · charged with the collection of such taxes or special assessments are the proper parties defendants. Holders of certificates or bonds for the payment of which such taxes or special assessments are levied are not necessary parties to such action.

(Syllabus by Rummons, C.)

Error from District Court, Muskogee County; R. P. De Graffenried, Judge.

Action by Sam P. Nicholson and others against the City of Muskogee and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

Chas. A. Moon, City Atty., and Furry & Motter, for plaintiffs in error.

B. B. Wheeler, Wm. Neff, and Geo. B. Rittenhouse, for defendants in error.

Opinion by RUMMONS, C. This action was commenced in the superior court of Muskogee county by the defendants in error, hereinafter styled plaintiffs, against the plaintiffs in error, hereinafter styled defendants, to enjoin the collection of special assessments against the real estate of the plaintiffs for street improvements consisting of paving in improvement district No. 45. The cause was thereafter transferred to the district court and tried by the court, resulting in a judgment for the plaintiffs permanently enjoining the defendants from collecting the assessments complained of. The petition of plaintiffs alleges several jurisdictional defects in the proceedings taken by the defendant city of Muskogee in ordering the improvements of the streets, in letting the contract, and in assessing the benefits. The petition also alleges fraud and collusion between the city engineer and the contractor, by which fraud and collusion the contractor was awarded bonds in payment for a large quantity of work in paving said streets, which work was not actually performed.

The defendants assign error of the court in overruling their demurrer to the petition of plaintiffs; they also assign error of the court in rendering a judgment for plaintiffs which was not sustained by the evidence introduced in the case. Both of their assignments of error may be considered together. As we view this case, we deem it unnecessary to specifically set out the allegations of

the petition of plaintiffs. It is only necessary to say that the petition alleges, that no preliminary estimate of the cost of the improvements involved in this case was ever prepared by the engineer of the city and submitted to the commissioners of the city of Muskogee, as required by section 602, Rev. Laws 1910.

The trial court made the following findings of fact:

"In order to aid counsel in arguing the case, the court now makes its findings as to certain of the facts proven in this case so that counsel may present argument as to the legal effect of these findings. The court finds that only a little over 7,000 yards of excavation were actually done in the street improvement district involved in this action, but that through fraud practiced by the contractor and the city engineer, who were in collusion with each other, the cost of over 19,000 yards of excavation was charged against the property of the district; that by like fraud and collusion a pavement and curb and gutter was put down of such inferior quality that the same is now practically worthless, but that the plaintiffs did not learn of any such fraud and collusion and of said fraudulent charges until at or after the commencement of this action. The undisputed evidence shows, and the court further finds, that the assessment levied is at least three times the amount of the benefits any of the plaintiffs' property received from said improvement. The court further finds that the evidence of the city clerk, which is the only evidence introduced upon the question, shows that there is no record in his office showing that any preliminary engineer's estimate of cost of the improvement was ever presented to counsel of defendant city or filed in his office. As the questions raised regarding the ownership of the property represented by the petitions upon which the paving was based are mainly questions of law, no findings are made upon these questions until the argument is had."

It is urged by counsel for defendants that this action is barred by section 644, Rev. Laws 1910, which is as follows:

"No suit shall be sustained to set aside any such assessment, or to enjoin the mayor and counsel from making any such improvement, or levying or collecting any such assessment, or installment thereof, or interest or penalty thereon, or issuing such bonds, or providing for their payment, as herein authorized, or contesting the validity ·thereof on any ground, or for any reason other than for the failure of the city council to adopt and publish the preliminary resolution provided for in cases requiring such resolution and its publication, and to give the notice of the hearing on the return of the appraisers, unless such suit shall be commenced not more than sixty days after

the passage of the ordinance making such final assessment: Provided, that in the event that any special assessment shall be found to be invalid or insufficient in whole or in part, for any reason whatsoever, the city council may, at any time, in the manner provided for levying an original assessment, proceed to cause a new assessment to be made and levied, which shall have like force and effect as an original assessment."

This action was commenced long after the expiration of the 60-days limitation provided in the foregoing section. It is urged, however, by counsel for plaintiffs, that, inasmuch as the proceedings under which the city of Muskogee made the assessment complained of were void, the 60-days limitation provided for in section 644 had no application to the instant case. Counsel for plaintiffs rely upon the case of Morrow v. Barber Asphalt Co., 27 Okla. 247, 111 Pac. 198. In that case it was held that a contract entered into by a city for paving at a price in excess of the estimate made by the engineer of its probable cost was void, and that a special assessment against real estate to pay the costs of improvements contracted for under such a contract was also void. It was further held that the limitation provided for in section 644, supra, was not a bar to the maintaining of an action to enjoin the collection of an assessment when the proceedings upon which it was based were void. The case of Morrow v. Barber Asphalt Co. has been cited by this court in many cases where the special limitation provided in section 644, supra, was considered. It has been distinguished in many of these cases, but has never been overruled. In the case of City of Chickasha v. O'Brien, 58 Okla. 46, 159 Pac. 282, relied upon by defendants, it is held that the limitation provided in section 644, Rev. Laws 1910, is a bar to an action to enjoin the collection of assessments on the ground that the work was not performed according to contract because of fraud on the part of the contractor and the city officials. Mr. Justice Hardy, who delivered the opinion of the court says:

"In Morrow v. Barber Asphault (Asphalt) Co., 27 Okla. 248, 111 Pac. 198, it was held that this rule did not apply to bar an action by a lot owner to enjoin the collection of an assessment upon his property, when the proceedings upon which it is based are void. In the case at bar the city acquired jurisdiction of the proceedings in the proper way, and did everything that was required up to and including the making of the contract, the passage of the assessment ordinance, and the issuance of the bonds. The findings of the court show that these proceedings were regular in every particular; therefore the city acquired jurisdiction and the contract was not void as found by the court; and in

so finding the court committed error.

In the case of the City of Ardmore et al. v. Appollos, 62 Okla. 232, 162 Pac. 211, the case of Morrow v. Barber Asphalt Co. was distinguished. In that case it was complained by the plaintiffs that while the contract price for the street improvements was, in the aggregate, less than the estimate of the probable cost of such improvements, as to two of the items entering into the improvements the contract price was in excess of the estimate, and therefore the whole contract was void. The plaintiffs were denied relief because of their laches and because, as was said in Kellogg, Treasurer, v. Ely, 15 Ohio St. 64:

"It is not for every threatened violation of the legal rights of a party that a court of equity will intervene with its preventive remedy by injunction, even in cases where the remedy would be efficient. A party appealing to a court of equity must make a case which commends itself to the conscience of the court."

The trial court found that the contract for paving in the instant case was let without a preliminary estimate of the cost having been before made by the engineer and presented to the commissioners. It is contended by counsel for defendants that this finding of the court is not supported by the evidence. The city clerk testified that he could find no preliminary estimate of the cost of this paving in his office, and that there was no record of any preliminary estimate having been presented to the city commissioners. The defendants produced the city engineer as a witness in their behalf, who produced an estimate of the cost of this paving which was offered in evidence. Upon further examination of the city engineer, it developed that the estimate presented by him and offered in evidence was an estimate made after the work had been commenced for the purpose of advising the commissioners in making settlement with the contractor. The city engineer then testified that he could find in his office no estimate of the cost made prior to the commencement of the work. This was practically all of the evidence with reference to a preliminary estimate of the cost. It is true that there is a presumption that the city commissioners obeyed the law in the letting of this contract, and the burden was upon the plaintiffs to rebut this presumption. Upon this state of the record, it being made to appear that no preliminary estimate was on file either in the office of the clerk or the city engineer and that there was no record of any such preliminary estimate ever having been presented to the commissioners, and

the defendants having been unable to find any estimate of the cost except a final estimate after the work had been begun, we are unable to say that the finding of the trial court upon this point is against the weight of the evidence.

Upon the authority of Morrow v. Barber Asphalt Co., supra, this neglect and failure to comply with the plain provisions of the statutes rendered the proceedings which culminated in the assessments absolutely void. The finding of the court as to the fraud and collusion between the contractor and city engineer in the performance of the work provided for in the contract seems to be supported by the record, and while, under the authority of City of Chickasha v. O'Brien, supra, an action could not be maintained to enjoin the collection of assessments because of such fraud and collusion after the expiration of the 60-days limitation provided in section 644, supra, yet the facts found by the trial court present a case which should appeal to the conscience of a court of equity so as to relieve plaintiffs from being barred because of their laches and to relieve them of the rule applied in City of Ardmore v. Appollos, supra, and cases there cited. We are of the opinion that the limitation relied upon by the defendants is no bar to the action of the plaintiffs in the instant case, since it has been frequently held by this court that the special statute of limitation relied upon by the defendants is not applicable to an action maintained to enjoin collection of a void assessment. Morrow v. Barber Asphalt Co., supra; Flanagan v. Tulsa, 55 Okla. 638, 155 Pac. 542.

It is, however, urged by the defendants that this case should be dismissed by this court for the reason that the plaintiffs did not join with them in their action the contractor and the holders of the bonds issued to pay for the paving in the instant case; it being urged by the defendants that such contractor and bondholders are necessary parties in a proceeding to enjoin collection of assessments levied to pay such bonds. Counsel for defendants present a number of authorities that seem to support this contention; but we are of the opinion that it has been determined by this court that, in an action to enjoin the collection of taxes or special assessments, the county treasurer or the sheriff, as the case may be, are the proper parties. Rogers v. Bass & Harbour Furniture Co., 47 Okla. 786, 150 Pac. 706, and cases there cited; Harn v. Oklahoma City, 47 Okla. 639, 149 Pac. 868.

We therefore conclude that neither the contractor nor the holders of the bonds were necessary parties to this proceeding. The judgment of the trial court should be affirmed.

By the Court: It is so. ordered.