## CITY OF MUSKOGEE et al. v. SAMUEL et al.

No. 8528—Opinion Filed March 16, 1920.

(Syllabus by the Court.)

**Municipal Corporations — Assessments for Street Paving—Validity—Injunction.**
The evidence, examined, and held, the findings of the trial court are not clearly against the weight of the evidence.

Error from the District Court, Muskogee County; R. P. deGraffenreid, Judge.

Action by P. W. Samuel and others against the City of Muskogee and others to enjoin collection of assessments for street improvements. Judgment for plaintiffs, and defendants bring error. Affirmed.

Charles A. Moon and J. B. Furry, for plaintiffs in error.

Tom Neal, William Neff, L. E. Neff, and Benj. B. Wheeler, for defendants in error.

McNEILL, J. This action was commenced in the superior court of Muskogee county by the defendants in error, hereinafter styled plaintiffs, against the plaintiffs in error, hereinafter styled defendants, to enjoin the collection of special assessments against the real estate of the plaintiffs for street improvements consisting of paving in improvement district No. 33 in the city of Muskogee. The cause of action was transferred to the district court, and upon trial to the court resulted in a judgment for the plaintiffs and permanently enjoining the defendants from collecting the assessments complained of. The petition of the plaintiffs alleged several jurisdictional defects in the proceedings taken by the defendant city of Muskogee, in ordering the improvements of the streets, in letting the contract, and in assessing the

benefits. There is a further allegation of fraud and collusion between the city engineer and the city council, as the result of which fraud and collusion, the contractor was awarded bonds in payment for a large quantity of work in paving said streets, which work was not actually performed, and a further allegation of fraud and collusion between the engineer and contractor, in that the contract was for a five-inch base, but the contractor by reason of fraud and collusion with the city officials only built a three-inch base, and in that the contractor fraudulently put sand and gravel in said pavement instead of cement, thereby making said pavement worthless.

From a judgment in favor of the plaintiffs, the defendants have appealed. The trial court made certain findings of fact. The fifth finding of fact was that no preliminary estimate of the cost of the improvement was prepared by the city engineer and presented to the city council or filed with the city clerk. The defendants, for reversal, contend that the evidence is insufficient to support such finding. We have made an examination of the record and it discloses that the plaintiffs produced the city clerk as a witness, who stated that he was unable to find any such preliminary estimate of the cost of the improvement, and from what investigation he had made it disclosed that none was on file. The defendants were the city and city clerk, and certainly the defendant city clerk having testified that he knew of no such preliminary estimate and could find none in the office, or no record of any, was sufficient to make out a prima facie case upon this point.

Counsel for defendants suggest that the rule adopted in the case of St. Louis & S. F. R. Co. v. Bruner, 52 Okla. 349, 152 Pac. 1103, wherein the court stated:

"Where it lies within the power of a party to produce evidence upon an issue, the burden being upon him, and he fails to produce such evidence, the presumption follows that such evidence, if produced, would be unfavorable to the cause of such party"

—is applicable to the case at bar.

It occurs to us that this rule is applicable, but is against the defendant's contention, instead of in favor of their contention. The defendant, the city clerk, called on behalf of the plaintiffs, testified that he knew of no such estimate, was unable to find any, and there was no record of any. He was defendant in the law suit. If any such estimate was on file, or had ever been prepared, it was within their power to produce it. Having failed to produce it, and having tes-

tified that they knew of no such estimate, certainly this was sufficient evidence to support this fact. We think the evidence was sufficient to make out a prima facie case, and not being denied, was sufficient to support the finding of the court upon this proposition.

applicable, and not section 602, but it

It is contended that section 315 of Revised Laws 1910, in regard to filing estimates, is would be immaterial as to which section is applicable in this proceeding, as neither was complied with.

The law of the case and the other questions involved are identical with the questions passed upon by this court in the case of City of Muskogee v. Nicholson, 69 Oklahoma, 171 Pac. 1102, and decided therein. The same facts appear from the record, and the same questions of law are presented and argued on appeal here, and it is unnecessary again to pass upon the same proposition. There is no contention made in this court that the law as stated in the case of City of Muskogee v. Nicholson, supra, is not the law in this case, nor applicable, except that the finding of fact that the preliminary estimate had not been filed was not supported by the evidence, but in this we cannot agree.

For the reasons stated, and upon authority of the case of Muskogee v. Nicholson, supra, the judgment of the lower court is affirmed.

RAINEY, V. C. J., and PITCHFORD, HIGGINS, and BAILEY, JJ., concur.