SANDERS v. KENNEDY.

No. 32111. March 11, 1947.

*179 P. 2d 130.*

Stephen A. George, of Ardmore, for plaintiff in error.

Curtis & Blanton, of Pauls Valley, for defendant in error.

WELCH, J. This action was com-

menced by T. I. Sanders against R. C. Kennedy to cancel a resale tax deed and to quiet title.

In his petition plaintiff alleged ownership of certain described real estate, and that defendant claimed ownership thereof by virtue of a resale tax deed executed pursuant to a purported resale for delinquent drainage assessments and penalties. Plaintiff alleged the tax deed was void for various reasons as set forth in his petitions, including an allegation that no authority of law existed for the sale of the land for drainage assessments.

Defendant filed an application for an order to require plaintiff to deposit with the court clerk an amount of money equal to the amount of delinquent ad valorem taxes and delinquent drainage assessments and penalties then appearing against the property, and attached a certificate from the treasurer showing the amount as of that date. The application was sustained and the court ordered the plaintiff to make deposit of the amount as reflected by the treasurer's statement plus interest from the date of the certificate, and directed the plaintiff to make the deposit within 30 days from the date of the order. No deposit was made.

Thereafter defendant filed answer and cross-petition, wherein he asserted title to the property under the resale tax deed referred to in plaintiff's petition, and prayed that title be quieted in defendant.

Thereafter defendant filed motion for judgment on the pleadings. The motion was sustained and judgment was entered in favor of defendant conditioned that said judgment be vacated in the event that plaintiff should within ten days make the deposit into court in accordance with the previous order of the court. No deposit was made, and plaintiff brings appeal. All assignments of error are presented under two propositions.

Plaintiff first contends there is, and

was, no authority of law for the sale of lands at resale for delinquent drainage assessments.

82 O. S. 1941 § 338 deals with such assessments, delinquency and enforcement thereof, and as concerns the contentions here it provides in material substance as follows:

"The assessments, . . . and interest . . . together with all costs of collecting delinquent assessments . . . to be fixed by the court and taxed as cost in an action brought to enforce a delinquent assessment . . . constitute a lien . . . upon the lands . . . and shall be collected in the same manner as state, county and school taxes on real estate and personal property are collected. The said lien shall become delinquent' on the date other taxes become delinquent, and when so delinquent shall bear the same interest and penalties as in case of other delinquent taxes and be enforced as provided under the general revenue laws of this state."

Under the language of the first quoted portion of the above paragraph, plaintiff urges that payment of delinquent assessments may be enforced by suit. Whether said language has reference to an action to establish the assessments or has reference to suit to enforce payment or foreclosure of the liens created by assessment, we are not here called on to decide. If the latter construction, as contended by plaintiff, be correct and the statute provides that payment of assessments may be enforced by suit, such remedy is not made exclusive, but would appear to be cumulative with the method of collection provided by the last provision above quoted.

The general revenue laws of the state, at the time of the passage of the drainage laws, provided for the sale and resale of lands for taxes. Although the sale and resale laws have since been amended and changed, there appears no change as affecting drainage proceedings and assessments.

There is no attack here upon the validity of the drainage law or the resale law. We think under the clear language

of section 338, supra, the resale law is made applicable to delinquent drainage assessments as in case of other delinquent taxes; that drainage assessments were "to be collected in the same manner as state, county and school taxes on real estate," and liens for drainage assessments as "in case of other delinquent taxes" were to "be enforced as provided under the general revenue laws of this state"; and that lands may be sold at resale for delinquent drainage assessments as in case of other delinquent taxes.

Plaintiff next contends:

"The trial court erred in rendering judgment against the plaintiff, quieting title to the subject property in the defendant, by reason of plaintiff's failure to pay into the treasury of the court the full amount of drainage assessments, penalties and interest thereon, as advertised and for which said property was sold, when the validity and amount thereof was disputed and contested in good faith by plaintiff."

Plaintiff contends that he made proper tender under the provisions of 68 O. S. 1941 § 360.

In the argument presented hereunder it is not contended that no taxes were due when the tax deed was issued, but only that the amount due was in dispute.

Unless the tax deed was issued when there were no taxes due, the one seeking to attack or avoid the tax deed must make the tender contemplated by 68 O S. 1941 §§ 453 and 455. See Hill et al. v. Henry et al., 190 Okla. 413, 124 P. 2d 405, and cases cited therein.

In Parks v. Lyons, 183 Okla. 529, 83 P. 2d 573; 68 O. S. 1941 §§ 360, 453, and 455 are referred to, and in the opinion it is said:

"Being enacted in the same act, they should be construed together, and when construed together, we think it is plain that they require the tender to be made when the action is commenced, or the pleading is filed, assailing the deed; . . . they require a tender of all taxes, interest, penalties, costs and expenses. Under section 12668, supra, (68 O. S. 1941 § 360) it is the duty of the court to require the amount due to be paid before the judgment is made effective."

The amount of the tender required, and as set forth in section 453, supra, is all taxes, penalties, interest, and costs, which the party seeking to redeem would be bound to pay if he was then redeeming the land from tax sale. Watts et al. v. Meriwether, 184 Okla. 32, 84 P. 2d 643.

The motion to require tender herein pleads a statement of the treasurer as to the amount charged against the land. The court made a finding that the delinquent taxes and costs charged against the land was in the amount of the statement, and ordered payment of said amount into court to be held pending final judgment. Upon refusal of plaintiff to make tender into court of all taxes and costs, he was not entitled to a determination of the allegations of his petition attacking the tax deed or to defend against defendant's claim of title asserted under the tax deed.

The judgment is affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, CORN, GIBSON, and ARNOLD, JJ., concur.