COWGER et al. v. WALL, County Treas., et al.

No. 32593.   May 27, 1947.

*181 P. 2d 252.*

George & George, of Ardmore, for plaintiffs in error.

Curtis & Blanton, of Pauls Valley, for defendants in error.

ARNOLD, J. This is a suit for injunction by T. P. Cowger and Lucy Cowger against George Phelps, county treasurer of Garvin county, in which R. C. Kennedy was joined as a party defendant. From an order dissolving a temporary injunction, plaintiffs appeal.

On May 10, 1941, plaintiffs commenced their action in the district court of Garvin county to enjoin the county treasurer from selling in the 1941 tax resale 40 acres of land belonging to the plaintiffs for alleged delinquent drainage assessments thereon and on that date a restraining order was issued. On May 12, 1941, R. C. Kennedy, the owner of certain bonds issued by the drainage

district in which the lands are located, asked to be made a party defendant and an order was made permitting him to join in the action as a defendant. Thereafter, upon a hearing had on the same date, May 12, 1941, the court granted a temporary injunction against the county treasurer restraining him from selling the lands of plaintiffs at the 1941 tax resale for delinquent drainage assessments against the same. Nothing further appears to have been done in the case until April 4, 1946, when defendant R. C. Kennedy filed a motion therein to dissolve the temporary injunction. In the meantime Ernest Wall was elected and qualified as county treasurer of Garvin county and he was substituted for the original defendant, George Phelps. After a hearing had upon the motion to dissolve the temporary injunction, the court on May 1, 1946, entered its order dissolving the temporary injunction, and from this order plaintiffs have perfected their appeal.

The parties will hereafter be referred to as plaintiffs and defendants, respectively, as they appeared in the trial court.

For reversal of the order of the district court of May 1, 1946, dissolving the temporary injunction, plaintiffs present their argument and authorities in their brief under two propositions as follows:

"No authority of law exists for the sale of lands and tenements in the State of Oklahoma for delinquent drainage assessments assessed against the same."

"The final judgment rendered on the 9th day of April, 1940, in a prior action in the District Court of Garvin County, State of Oklahoma, wherein plaintiffs in error were plaintiffs, and George Phelps as Treasurer of Garvin County, Oklahoma, was defendant, and being cause No. 13048 on the docket of said Court, is and was res judicata of all issues involved in this action, and that said judgment is a perpetual bar to the sale of said described property in satisfaction of any drainage assessments against the same."

Plaintiffs' first proposition above

quoted is identical with the first proposition presented in the case of T. I. Sanders v. R. C. Kennedy, 198 Okla. 316, 179 P. 2d 130. In that case, under this identical proposition, plaintiff presented to this court the same argument with the same supporting authorities which are presented by plaintiffs in support of their contention for reversal of this order. Since the decision of this court in the case of Sanders v. Kennedy, supra, covers every question raised under plaintiffs' first proposition, it is unnecessary here to discuss at length the authorities cited and relied on by plaintiffs. We adhere to the holding upon the same questions in the above-cited case.

Plaintiffs present no argument under their second proposition, but do cite two decisions of this court, City of Muskogee v. Nicholson, 69 Okla. 273, 171 P. 1102, and State ex rel. Southern Surety Co. v. Armstrong, 158 Okla. 290, 13 P. 2d 198, which it is insisted support their claim of res adjudicata.

The decree on which plaintiffs rely in support of their plea of res adjudicata in this action was entered by the district court of Garvin county on September 9, 1940, in an action then pending wherein these plaintiffs were plaintiffs and the county treasurer of Garvin county was defendant brought for the purpose of enjoining the sale at the 1940 tax resale of the 40 acres here involved for delinquent drainage assessments thereon. The decree in that case enjoined the county treasurer from selling these lands at a tax resale until the same should be sold for delinquent drainage assessments at an original tax sale. There is no evidence in this record that these lands were not sold to the county for delinquent drainage assessments. There are no facts presented in the record on which the principle of res adjudicata could be based. The cases cited have no application.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and CORN and GIBSON, JJ., concur.