TERRY v. HINTON, *County Treasurer.*

No. 5754.    Opinion Filed November 2, 1915.

(152 Pac. 851.)

1.  MUNICIPAL CORPORATIONS—Special Assessment Warrants—Collection—Injunction—Petition—Sufficiency Against Demurrer. Where the petition in an action to restrain the county treasurer from collecting certain special assessment warrants, issued against plaintiff's property and extended on the tax rolls delivered to the treasurer, fails to allege facts that show that the municipal authorities did not acquire jurisdiction to make the improvements by proper proceedings taken, and where it appears from the face of the petition that the action was commenced more than 60 days after the assessment was made, held, such petition fails to state facts sufficient to constitute a cause of action, and a general demurrer thereto was properly sustained.

2.  SAME—Injunction—Laches. When money has been expended by a city for public improvement, and a property owner of the city sits silently by and allows the expenditures and improvements to be made, with full opportunity to prevent such accomplishment, yet

without taking legal steps to prevent the same, after the money has been expended, the improvements made, and the relations of property and parties have been changed, it is then too late for him to ask a court of equity to relieve against that which his own laches has permitted to be done.

(Syllabus by Galbraith, C.)

*Error from District Court, LeFlore County.*
*W. H. Brown, Judge.*

Action by G. W. Terry against John Hinton, County Treasurer. Judgment for defendant, and plaintiff brings error. Affirmed.

*Bagwell & Wallace* and *J. W. Hale,* for plaintiff in error.

*Eben L. Taylor,* for defendant in error.

Opinion by GALBRAITH, C. This appeal is from an order of the trial court, sustaining a general demurrer to the petition of plaintiff in error, in which he sought to set out grounds for a restraining order against the defendant as county treasurer, preventing him from collecting, or attempting to collect, two certain improvement warrants, issued against the property of the plaintiff, located in the city of Poteau, and to cancel the extension of such warrants upon the tax rolls. When the demurrer was sustained the plaintiff refused to amend, and judgment was entered, dismissing the cause at his costs. To review that judgment the case has been brought to this court.

The petition is voluminous, and alleges many conclusions, but sets out few facts. From the facts set out we gather that the plaintiff owned certain lots in the city of Poteau, and that the defendant in error was the county treasurer of that county, and that two warrants for delinquent street improvement taxes had been issued against

the plaintiff's property, and extended on the tax rolls, and were then in the hands of the county treasurer for collection. We assume that certain street improvements, for which the taxes had been levied and the warrants issued, had been made in the city of Poteau, although this fact is not set out in the petition. The plaintiff in error's trouble, as recited in his petition, began on the 24th day of June, 1912, when, it is recited, the city clerk of Poteau, "acting upon some assumed and unlawful authority," issued two warrants for "special improvement tax" against the plaintiff's lots, and on October 11, 1912, the city clerk filed said warrants with the county clerk of said county, who passed them on to the tax assessor, who in turn entered them upon the tax rolls, as a charge against the plaintiff's property, and the tax assessor afterwards delivered the tax rolls to the defendant as county treasurer, who was threatening to collect the amount of said warrants from the plaintiff in error's property. Now it is charged that the defendant had no authority to collect these warrants: First, because the assessments upon which the warrants were issued were not properly made by the city authorities of the city of Poteau, or its officials, and no "proper resolution" of the council was first had, directing such improvements to be made; and, again, that the city of Poteau, or its officials, had no authority to make assessments for public improvements. There are a number of other reasons set out why the tax was illegal and irregular and should not be collected or permitted to stand as a lien against the property of the plaintiff in error. However, none of the recitals in the petition, considered separately or collectively, show that the proceedings by which these special assessment warrants, which were extended on

the tax rolls and reached the hands of the defendant in error as county treasurer, were without legal force and effect. It does not appear when the taxes matured for which these special warrants were issued, but from the fact that they were issued in June, 1912, we would infer that they were for taxes maturing on the 1st of September of the preceding year. Section 632, Rev. Laws 1910. Under the statute the warrants should have been issued by the city clerk on or before the 15th day of September, after they became delinquent. Section 643, Rev. Laws 1910. The recital in the petition that the warrants were not delivered to the county clerk until October 11, 1912, does not show that they were illegal or void. It is possible that this may have been a mere irregularity that did not affect the validity of the tax. *O'Keefe v. Dillenbeck*, 15 Okla. 437, 83 Pac. 540. From the recitals in the petition of the acts of the several officers in issuing and entering and extending these tax warrants, we are inclined to infer that they were properly extended on the tax rolls in the hands of the treasurer, as provided in article 12, c. 10, of the Rev. Laws 1910, prescribing the method of securing the costs of street improvements made.

One fatal defect in the petition is that it does not allege facts that show want of jurisdiction in the city authorities to make the improvements and to levy and collect taxes to pay for the same. It is alleged that the city of Poteau was a city of the first class. Under the statute such a city had the right to make street improvements and to levy and collect taxes to pay for such improvements. In the absence of a showing to the contrary, it will be presumed that the authorities proceeded in the legal manner to make such improvements. The allegations of the petition do not show that the city authori-

ties were without jurisdiction to order the improvements, and to levy the assessments. In the absence of such showing no cause of action for injunction was stated, since, for all objections to such taxes except that of want of jurisdiction to levy them, the 60-day limitation, provided by section 644, Rev. Laws 1910, is an absolute bar to the action. It was said by the court in *City of Chickasha et al. v. Dennis O'Brien* (not yet officially reported), 159 Pac. 282:

"By section 644, it is seen that no suit may be maintained on any ground except for the two reasons given, which two reasons were necessary to constitute due process of law; that is, that the city should acquire jurisdiction to make the contemplated improvements by the adoption and publication of the preliminary resolution, where same was required, and should acquire jurisdiction of the property owner by giving notice of the hearing on the return of the appraisers. This language is as broad and comprehensive as it could be, and indicates an intention upon the part of the Legislature to cause any litigation, involving the validity of the assessments or seeking to enjoin the payment of the bonds, to be brought within the time limit. No exception is made for fraud occurring thereafter in the performance of the work, and had the Legislature intended that such exception should be made, it would have been perfectly easy to say so, and the significant fact that the language used is as broad and comprehensive as it is, and that no exception is made, is, to our minds, conclusive evidence that none was intended."

In the case of *City of Coalgate v. John Gentilini*, 51 Okla. 552, 152 Pac. 95, the improvement assessment was attacked on the ground that the contract for the same was let before the ordinance authorizing the improvement became effective. The court in denying this construction said, in part:

"Assuming, without deciding, in the case at bar, that the defendant in error might have prevented the outlay of public money for the improvements complained of, and that there were gross irregularities in the proceedings of the council, yet since he sat silently by, and allowed these expenditures and public improvements to be made, with full opportunity to prevent its accomplishment, yet without taking legal steps to prevent the consummation of the alleged wrong, he cannot, after the relations of property and parties have been changed, ask a court of equity to relieve against that which his own laches has permitted to be done."

It is a well-established rule of appellate procedure that error will not be presumed, but must be affirmatively alleged and shown by the party asserting such error. *Seaver v. Rulison,* 29 Okla. 128, 116 Pac. 802; *Cox v. Warford,* 34 Okla. 374, 126 Pac. 1026. Since the petition failed to show that the municipal authorities of the city of Poteau were without jurisdiction to make the street improvements and more than 60 days had elapsed after making the assessment, and prior to commencing this action, it therefore appeared from the face of the petition that the action was barred and could not be maintained.

We, therefore, conclude that the trial court was right in sustaining the demurrer to the petition, and that the order appealed from should be affirmed.

By the Court: It is so ordered.