**CITY OF ARDMORE et al. v. APPOLLOS et al.**

No. 8359—Opinion Filed Dec. 19, 1916.

Rehearing Denied Jan. 23, 1917.

(162 Pac. 211.)

**1. Injunction—Right to Remedy.**

It is not for every threatened invasion of the legal rights of a party that a court of equity will intervene with the preventive remedy of injunction, even in cases where that remedy would be efficient. A party appealing to a court of equity must make a case which commends itself to the conscience of the chancellor.

**2. Municipal Corporations—Street Improvements—Assessments—Injunction.**

A municipality having acquired jurisdiction by the passage of the proper preliminary resolution declaring the necessity of a street improvement, and no sufficient protest or objection thereto having been filed, a property owner who stands idly by while such street improvement is being prosecuted, with full knowledge that large expenditures are being made for such improvement which will benefit his property, and that a portion of the cost thereof will be assessed against his property and who fails to appear at the proper time and present his objections before the proper tribunal, will not, long after the work is completed, be afforded relief in equity against assessments levied against the property benefited, to pay for such work.

(Syllabus by Rummons, C.)

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by J. S. B. Appollos and others against the City of Ardmore, Okla., and others. Judgment for plaintiffs, and defendants bring error. Reversed.

Wm. G. Davisson, Russell Brown, and Tibbetts & Green, for plaintiffs in error.

G. A. Paul and Harold Lee, for defendants in error.

Opinion by RUMMONS, C. This action was commenced in the district court of Carter county on November 4, 1915, by the defendants in error, hereinafter styled the plaintiffs, against the city of Ardmore, its officers, the county treasurer of Carter county and Shelby Downard Asphalt Company, plaintiffs in error, hereinafter styled defendants, to enjoin the collection of assessments made against the property of plaintiffs to pay the costs of paving in improvement district No. 8 in the city of Ardmore. The assessments sought to be enjoined were made by virtue of an ordinance adopted October 4, 1910. Upon the trial of the cause the plaintiffs had judgment, and the defendants were perpetually enjoined from collecting the assessments complained of. After unsuccessfully moving for a new trial, the defendants prosecute this proceeding in error to reverse the judgment of the court below.

It appears from the record that the proceedings out of which this action arose were commenced on the 16th day of November, 1909, by the adoption by the mayor and commissioners of the city of Ardmore of a resolu-

tion declaring the necessity of the improvement by paving, grading, curbing, guttering and draining A street in the city of Ardmore, from the north line of Broadway to the north line of Fifth avenue.

The said resolution was duly published, and on the 10th day of June, 1910, the mayor and commissioners of the city of Ardmore adopted a resolution to proceed with the work of said improvement on A street, and directed the preparation of plans, profiles, specifications, and complete estimates of the cost of said improvement, and provided for notice to bidders and the execution of construction and maintenance bonds by the successful bidders. This resolution of June 10, 1910, was rescinded by the mayor and commissioners of Ardmore upon August 9, 1910, and another resolution to the same effect was adopted. Pursuant to said last resolution the city engineer on August 9, 1910, submitted to the mayor and commissioners a complete estimate of the costs of said improvements, together with plans and specifications for said work, which estimates, plans, and specifications were adopted by resolution of the mayor and commissioners on the same day. Thereafter, on August 24, 1910, after due notice to bidders, the defendant Shelby Downard Asphalt Company submitted to the said city its proposal to construct said improvements at the prices set forth in said proposal. The said city accepted the proposal, and a contract was entered into between the defendant city and the defendant Shelby Downard Asphalt Company for the construction of said work. On August 30, 1910, the mayor and commissioners by resolution appointed appraisers to appraise and apportion the benefits to the said property liable for assessment for the costs of said improvement. On September 10, 1910, the appraisers filed their report with the clerk of the defendant city, apportioning and assessing to the plaintiffs and other property owners liable for the costs of said improvements the amount set forth in said report. On September 13, 1910, the defendant city of Ardmore caused notice of the hearing of said report to be published, and set October 4, 1910, as the date upon which said report would be heard, for the purpose of reviewing and correcting said report of the board of appraisers. On October 4, 1910, the mayor and commissioners adopted and ratified said report and on the same date enacted an ordinance levying certain assessments against the property of the plaintiffs, and other property owners in the said district for the cost of said improvements, and to provide for the collection thereof. Thereupon bonds were issued by said city to the amount of the cost of said improvements, which bonds were delivered to the contractor, Shelby Downard Asphalt Company, in installments, as the work progressed to completion.

No complaint is made to this court by the plaintiffs as to the sufficiency of the preliminary resolution declaring the necessity for the construction of the street improvement in this controversy, nor is it claimed that any sufficient protest by the property owners in said district was made against said proceedings in connection with said improvement.

The plaintiffs assailed the validity of the assessment sought to be enjoined upon two grounds: (1) That the contract price of the improvement in at least two particulars exceeded the estimate of the city engineer adopted by the city commissioners of the city of Ardmore; (2) failure to give notice of the hearing of the report of the appraisers as required by law.

The defendants, answering, deny that the contract for said improvement was let at a price in excess of the estimate of the city engineer, but on the contrary allege that said contract was let at a price much less than said engineer's estimate. Defendants further allege that notice of meeting of commissioners to review the report of the board of appraisers was published in manner and form as required by law, and that plaintiffs had an opportunity to appear and object to said improvement if they had so desired.

Defendants further plead in bar a judgment for defendant city of Ardmore, its officers and others, in the district court of Carter county, wherein it was sought to enjoin collection of assessments against certain property in this improvement district. Defendants further plead that plaintiffs by their laches and negligence in standing by and permitting said improvements to be made, permitting assessments to be levied and bonds to pay for said improvements to be issued and sold to innocent purchasers and accepting the benefits of said improvements without objection on their part, and without any effort to prevent said improvements being made, and with full knowledge that the cost of said improvements were being assessed against their respective properties, are not entitled to any equitable relief.

From the view we take of this case, the only question that we need consider in disposing of the same is the laches of the plaintiffs. It appears from the record that

plaintiffs made no objection to the assessments made against their respective properties, nor did they make any objections to the construction of the improvement for which the assessments were made during its progress, or at any time until the commencement of this action, more than five years after the levying of such assessments. From a long line of decisions, it has become the settled law of this jurisdiction that where a property owner, knowing that a municipality is about to make or is making improvements for the payment of which his property will be assessed, sits idly by and permits such improvement to be made and receives the benefits thereof, and fails to appear and protest at the proper time against the proceeding or to make any objection thereto, he will not thereafter be afforded relief in a court of equity from the assessments made against his property to pay the costs of said improvement.

In Kerker et al. v. Bocher et al., 20 Okla. 729, 95 Pac. 981, Chief Justice Williams, who delivered the opinion of the court, says:

"Every person, as a member of a municipal community, thereby enjoying the incident benefits, takes notice of the accompanying obligations. Streets are to be laid out, graded, paved, and lighted. The constabulary must be maintained to enforce peace and preserve order. Sewerage systems and water supplies must be provided. No one is entitled to enjoy these advantages and to be permitted to successfully contend that the laws, ordinances, and resolutions under which such benefits and advantages are created, regulated, and controlled are invalid, and thereby escape the resultant burdens. The citizen of the modern municipality and property owner thereof take notice of such necessities. He owes his personal service to maintain order and promote the public good in his municipality, just as he owes to the nation his services to protect against hostile encroachments and invasion. No man can expect to have property in cities, abutting on public thoroughfares and streets, without bearing the burdens of special taxation to maintain grades, build sidewalks, and macadamize and pave the streets; and he acquires his property with the full knowledge of the fact that the legislative power of the state can be exercised to levy and provide for an assessment or special tax for such improvements."

In the case at bar, the city of Ardmore acquired jurisdiction to make the improvement herein in controversy, by the adoption of the preliminary resolution declaring the necessity of such improvement. Having acquired jurisdiction, the plaintiffs, as owners of the property affected by the improvement, were required to take notice of the proceedings connected with the contemplated improvement, and if the contract about to be let was in excess of the engineer's estimate of the cost of such improvement, it was their duty to make objection to the letting of said contract, and not permit the completion of the work under said contract and the issuing of bonds in payment therefor without objection or protest on their part.

It may be noted in passing that while the contract price of two items involved in the contract of said improvement was in excess of the engineer's estimate, yet the final cost of the whole improvement was considerably less than the estimate of cost furnished by the engineer.

It is contended by plaintiffs that because the statute providing for a meeting of the city council or the city commissioners to review the report of the board of appraisers and to hear complaints or objections thereto provides that the time fixed for said hearing shall be not less than five nor more than 10 days from the last publication of notice of said meeting--section 726, Compiled Laws 1909--and the time fixed for the hearing upon the report of the board of appraisers in the instant case was 14 days after the last publication of notice, the commissioners of the city of Ardmore were without authority or jurisdiction to apportion the benefits and make the assessments against the respective properties of the plaintiffs.

We are forced to the conclusion that plaintiffs by their laches are barred from raising this objection to the assessments levied against their respective properties. It will be noted that this meeting was held and assessments made under the notice given long before the completion of the work. The plaintiffs made no objection to the sufficiency of the notice of said meeting, nor did they object or protest against the assessments made against their respective properties, but permitted the work to be completed and bonds issued to pay therefor, and suffered more than five years to elapse before taking any steps to avoid the assessments made at such meeting.

In City of Bartlesville v. Holm, 40 Okla. 473, 139 Pac. 273, Justice Kane, in delivering the opinion of the court, says:

"The great weight of authority leans toward a rather strict and technical application of the doctrine of estoppel, and is to the effect that, where there is jurisdiction, one who stands idly by while a public work is being prosecuted, with full knowledge, by himself or agent, that large expenditures are being made for such public improvement

which will benefit his property, or fails to appear at the proper time and present his objections, will not, after the work is completed, be afforded relief against assessments levied against the property benefited to pay for such work, either in courts of law or equity." City of Perry v. Davis, 18 Okla. 429, 90 Pac. 865; Paulsen v. City of El Reno, 22 Okla. 734, 98 Pac. 958; Jenkins v. Oklahoma City, 27 Okla. 230, 111 Pac. 941; Schultz v. Ritterbusch, 38 Okla. 478, 134 Pac. 961; City of Muskogee v. Rambo, 40 Okla. 672, 138 Pac. 567; Sharum v. City of Muskogee, 43 Okla. 22, 141 Pac. 22; Wheeler v. City of Muskogee, 51 Okla. 48, 151 Pac. 635; City of Coalgate v. Gentilini, 51 Okla. 552, 152 Pac. 95; Terry v. Hinton, 52 Okla. 170, 152 Pac. 851; City of Chickasha v. O'Brien, 58 Okla. 46, 159 Pac. 282.

It is contended, however, by plaintiffs that the case of Morrow v. Barber Asphalt Company, 27 Okla. 247, 111 Pac. 198, and the case of Bowles v. Neely, 28 Okla. 556, 115 Pac. 344, are conclusive in the instant case and authorize the relief sought by the plaintiffs. In the case of Morrow v. Barber Asphalt Company, supra, the special assessment was attacked upon two grounds: (1) That the contract was in excess of the estimate of the engineer; (2) that the mayor and city council failed to meet to hear and adjust the assessments made by the board of appraisers, and to hear and adjust any complaint against the same. It was there held that the assessment was void upon both of said grounds, and that the special limitation in the statute providing that no action should be commenced to enjoin the collection of any assessments unless within 60 days after the making of the assessment, except for failure to adopt the preliminary resolution and the failure to give the notice required of the meeting to review the report of the board of appraisers and to hear complaints and objections thereto, did not apply. However, the plaintiff in that case did protest against his assessment, and, as is said by Justice Kane in City of Bartlesville v. Holm et al., supra, the question of laches was not discussed, and probably would not apply on account of the protest of the property owner, which was filed in due time and disregarded.

The case of Bowles v. Neely, supra, was an action to enjoin the payment for the construction of a filtration plant, the contract for which was in excess of the estimate submitted by the city engineer. In that case the contract complained of was entered into on September 21, 1910, and the action was commenced by the plaintiff on December 8, 1910, less than three months thereafter, and before the completion of the work. It will be readily apparent that this case is clearly distinguishable from the case at bar, for the reason that the plaintiff in the case of Bowles v. Neely, supra, proceeded within a reasonable time to enforce his rights.

In the case of City of Bartlesville v. Holm, supra, Justice Kane quotes with approval from Kellogg, Treasurer, v. Ely, 15 Ohio St. 64, as follows:

"We do not find it necessary to determine any one of the many questions made and argued by counsel in the case as to the legality or illegality of the proceedings by which this ditch was established, because, if we take for granted all that the plaintiff below claims in this respect, we are of the opinion that he does not make such a case as to entitle him to a remedy by injunction at the hands of a court of equity. It is not for every threatened violation of the legal rights of a party that a court of equity will intervene with its preventive remedy by injunction, even in cases where that remedy would be efficient. A party appealing to a court of equity must make a case which can commend itself to the conscience of the court."

As said by the Supreme Court of Ohio, in the case last cited, it is not every invasion of one's legal rights which will entitle him to relief in equity. In the instant case there is nothing in the record as to the proceedings taken in the letting of the contract for the construction of this improvement and the assessment of the benefits against the respective properties of the plaintiffs, to show any such invasion of the legal rights of the plaintiffs as would appeal to the conscience of a chancellor. The objection made by plaintiffs to the sufficiency of the assessments against their properties is purely technical, and because of their long delay and the fact that large sums of money have been expended, for the improvement of which their properties reaped the benefits, without protest or objection on their part until the commencement of this action, we are constrained to the conclusion, in view of the long line of decisions of this court above quoted, that there is no equity in the bill of the plaintiffs.

The judgment of the trial court should therefore be reversed, with instructions to dismiss the petition of the plaintiffs.

By the Court: It is so ordered.