## WALKER v. ALEXANDER.

No. 8718—Opinion Filed June 4, 1918.

(173 Pac. 439.)

Sales—Construction of Contract—Time for Delivery — Tender — "Shipment During August."

In an action for damages for the breach of a contract for the purchase and sale of 5,000 bushels of wheat, which contract provides for shipment during August, it appeared that the seller loaded said wheat upon cars and procured bills of lading therefor during the last days of July; such bills of lading were tendered to the purchaser on August 5th, together with draft for the purchase price. The purchaser refused to accept such bills of lading or pay such draft for the reason that such bills of lading were issued in July. Held, that the words "shipment during August" contained in the contract, were not words of description, but that such words controlled the time of the performance of such contract and required the purchaser to accept and entitled him to demand such wheat during the month of August, and that a tender by the seller of the bills of lading for such wheat to the purchaser during the month of August was a sufficient offer to perform the contract of the seller without regard to the time when such wheat was loaded for shipment, and that upon a refusal by the purchaser to accept such wheat the seller was entitled to recover his damages for a breach of the contract.

(Syllabus by Rummons, C.)

Error from District Court, Jackson County; Jesse M. Hatchett, Assigned Judge.

Action by Josh Alexander against J. A. Walker. Judgment for plaintiff, and defendant brings error. Affirmed.

Everett Petry and Mounts & Davis, for plaintiff in error.

E. E. Gore, for defendant in error.

Opinion by RUMMONS, C. The parties will be hereinafter designated as they appeared in the court below. The plaintiff brought this action to recover from the defendant damages for the breach of a contract of sale made by the plaintiff to the defendant of 5,000 bushels of wheat. The cause was tried to the court, without the intervention of a jury, resulting in a judgment for the plaintiff to reverse which the defendant prosecutes this proceeding in error.

Pursuant to an agreement over the telephone for the sale by plaintiff to defendant of 5,000 bushels of wheat, f. o. b. Galveston, the plaintiff and defendant exchanged their written confirmations of such purchase and sale; the part material to the controversy here in defendant's confirmation being "shipment to be made by August," and in plaintiff's confirmation "shipment all of August." At the same time the confirmations were exchanged the plaintiff and defendant each wrote the other a letter; that part of the letter of the defendant material to the controversy being "shipment to be made during August," and the part of the letter of the plaintiff material to the controversy being "shipment to be made all of August." On and after July 28, 1914, plaintiff loaded and procured bills of lading for four cars of wheat, containing approximately the 5,000 bushels sold to the defendant. On August 5, 1914, these bills of lading, together with a draft for the amount of the purchase price of said wheat, were tendered to the defendant. The defendant, however, refused to accept the bills of lading and to pay the draft for the reason that the bills of lading were issued in July, and not in August. Plaintiff thereafter was compelled to sell the wheat for less sum than was agreed to be paid by defendant; hence this action.

The defendant complains of the judgment of the trial court upon the grounds that the same is not supported by the evidence and is contrary to law, contending that there is no evidence of performance of, or of any offer to perform, by the plaintiff, the contract entered into between plaintiff and defendant. It is urged by counsel for defendant that the bills of lading for the 5,000 bushels of wheat issued in July did not constitute a performance of the contract for shipment of the wheat during August, even though they were not tendered to the defendant until the 5th day of August. We are unable to agree with this contention of the defendant. The contract between plaintiff and defendant required plaintiff to deliver to defendant 5,000 bushels of wheat at Galveston, shipment to be made during August. In order for plaintiff to comply with this contract it was not necessary for him to ship the wheat from any particular point or to ship it at all. A tender of 5,000 bushels of wheat to the defendant in Galveston during the month of August would have con-

stituted a substantial compliance with the contract. The fact that the wheat was loaded and bills of lading issued before the 1st of August did not constitute a performance of the contract, but it was only when the bills of lading for the wheat so loaded were tendered to the defendant that plaintiff could be held to have tendered the performance of his contract. This having been done by the plaintiff it cannot be said that his offer to perform was premature.

Counsel for defendant urges the contention that the words "shipment all of August" or "shipment during August" are words of description, and that tender of wheat loaded and for which a bill of lading was issued in another month was not a tender of wheat coming within the description of the wheat purchased by the defendant. This proposition does not seem to us to be tenable. It seems clear that the words in their respective confirmations as to the time of shipment are intended to govern the time of the performance of the contract, to control the time when the defendant would be required to accept or would be entitled to demand the wheat purchased by him. Taking this view of the proper interpretation to be given the contract, a tender by the plaintiff to the defendant of the 5,000 bushels of wheat during the month of August, even though the same had been loaded upon cars before the 1st of August and was in transit, would constitute an offer to perform on the part of plaintiff which the defendant under the terms of the contract was bound to accept. We are convinced that the trial court did not err in finding that there was sufficient evidence of an offer to perform on the part of the plaintiff in accordance with the terms of his contract.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.