## BICKEL et al. v. WARNER-QUINLAN ASPHALT CO. et al.

No. 9414—Opinion Filed June 11, 1918.

(174 Pac. 537.)

**1. Municipal Corporations — Paving Improvement — Resolution of Necessity — Jurisdiction.**

By the adoption and publication by the mayor and council of a city of a preliminary resolution, declaring the necessity of improvement by paving, guttering, and curbing the streets and alleys of a district in a city, said mayor and council acquire jurisdiction to proceed with the necessary steps to make such improvement.

**2. Same—Levy of Assessment—Jurisdiction.**

When, after the passage and publication of such preliminary resolution, the mayor and council proceed to improve the streets and alleys in such district, and duly give notice of the hearing on the return of the appraisers assessing the cost of such improvement, jurisdiction to levy assessents to pay the cost thereof against the abutting property is consummated.

**3. Same—Collection of Assessments—Injunction.**

Though the mayor and council adopt the resolution of determination to proceed with such improvement before the expiration of 15 days from the last publication of the preliminary resolution of necessity in which protest against such improvement may be filed, as provided by section 616, Rev. Laws 1910, an action to enjoin the collection of special assessments, levied against abutting real estate to pay the cost of such improvement, commenced more than 60 days after the passage of the final assessing ordinance, is barred by the special statute of limitation contained in section 644.

**4. Same—Number of Petitioners—Presumptions.**

Whether the owners of more than one-half in area of the land liable to assessment in a paving district signed a petition for paving is a question of the mayor and council of the city to determine before taking action pursuant to said petition, and, in the absence of an attack, either directly or collat-

erally upon their finding, it must be presumed that they found that the petition contained the requisite number of names, and that such finding is correct.

**5. Same—Special Assessment—Action for Injunction—Limitations.**

When the mayor and council of a city act upon a petition for paving, purporting to be signed by the owners of more than one-half in area of the land liable to assessment for such paving, grant said petition, proceed thereunder to improve the streets and alleys as prayed in said petition, and give notice as required by law of the hearing on the return of the appraisers, assessing the cost of such improvement, without protest or objection to the sufficiency of such petition, an action, commenced more than 60 days after the passage of the final assessing ordinance, levying special assessments against abutting property to pay the cost of such improvement, to enjoin the collection of such assessments, upon the ground that such petition was not signed by the owners of more than one-half in area of the land liable to assessment, is barred by the special statute of limitation.

**6. Same — Relief Against Assessment — Laches.**

A municipality having acquired jurisdiction by the passage of the proper resolution declaring the necessity of a street improvement, and no sufficient protest or objection thereto having been filed, a property owner, who stands idly by while such street improvement is being prosecuted, with full knowledge that large expenditures are being made for such improvement which will benefit his property, and that a portion of the cost thereof will be assessed against his property, and who fails to appear at the proper time and present his objections before the proper tribunal, will not, long after the work is completed, be afforded relief in equity against assessments levied against the property benefited to pay for such work.

(Syllabus by Rummons, C.)

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action for injunction by D. W. Bickel and others against the Warner-Quinlan Asphalt Company and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

John C. Moore, for plaintiffs in error.

McKeever & Moore, for defendants in error.

Opinion by RUMMONS, C. The parties will be referred to herein as they appeared in the court below. On October 22, 1909, the owners of certain real estate in the city of Enid filed a petition with the city clerk, reciting that they were the owners of real estate abutting on certain streets in said city, and praying the mayor and council to improve said streets by grading, guttering, paving and curbing the same, describing the character of the improvement requested to be made. On November 19, 1909, the mayor and council of the city of Enid adopted a preliminary resolution of necessity, declaring it to be necessary to grade, pave, curb, gutter, and otherwise improve the streets described in the petition above referred to. This resolution was adopted with an emergency clause. No reference appears in the resolution to the petition filed by the property owners. This resolution was duly published, the last publication being on December 2, 1909. On December 17, 1909. the mayor and council of the city of Enid adopted a resolution, reciting the filing of the petition by the property owners and its approval by the mayor and council; reciting the resolution adopted November 19, 1909; reciting the publication of said resolution, and that the time for protest had expired and no protest had been filed. The resolution then declared the intention of the mayor and council to proceed with the improvement of said streets, alleys, and parts thereof, and describing the character of the pavement, curb, and gutter. The resolution, however, failed to define the width of the proposed paving. On January 10, 1910, the mayor and council of the city of Enid adopted a resolution, reciting the filing of the petition of the property owners before mentioned, granting said petition and providing the manner and material and width of said improvement. Thereafter bids for the making of such improvement were advertised for, and the contract for making such improvement was let to Warner-Quinlan Asphalt Company. On December 30, 1910, the mayor and council adopted the proper assessing ordinance, assessing against the various parcels of real estate abutting upon said improvement the cost thereof. On June 28, 1916, the plaintiffs, owners of the real estate abutting upon the streets improved and subject to the assessments levied to pay the cost of such improvement, commenced this action in the district court of Garfield county to enjoin the defendants from collecting said assessments. The petition of plaintiffs alleged the facts hereinbefore set forth, and further alleged that said assessments were void for the reason: (1) That the petition of the property owners was not signed by owners of more than one-half of the area of the land liable to assessment for such improvement, and therefore conferred no jurisdiction upon the mayor and council to make

such improvement; (2) that the resolution of determination to proceed with such improvement adopted by the mayor and council on December 17, 1909, was void for the reason that the 15 days in which the owners of real estate affected by such resolution might protest against such improvement, as provided by section 616, Rev. Laws 1910, had not expired at the date of the adoption of said resolution, and for the further reason that said resolution failed to specify the width of the proposed paving. The defendants answered, denying generally the allegations of the petition, and pleading the special statute of limitation, provided in section 644, Rev. Laws 1910, and the laches of the plaintiffs as a bar to this action. The trial court found for the defendants, and plaintiffs prosecute this proceeding in error to reverse its judgment.

It is not contended on behalf of the plaintiffs that the preliminary resolution known as the resolution of necessity, adopted November 19, 1909, was not in proper form, nor that it was not duly published as required by law. Nor is it contended that notice of the hearing of the return of the appraisers making the assessment of the cost of such improvement was not properly given as required by law. Plaintiffs' contention is that, although the resolution of necessity was properly adopted and published, as the resolution of determination to proceed was adopted on the 15th day after the last publication of the resolution of necessity, the mayor and council were without jurisdiction to proceed thereunder, and that by the resolution of January 10, 1910, the mayor and council abandoned the proceedings under the resolution of necessity and undertook to proceed upon the petition filed by the property owners of October 22, 1909. Plaintiffs contend that the mayor and council were without jurisdiction to proceed upon this petition for the reason that the same was not signed by the owners of more than one-half in area of the lands subject to assessment for the improvement. The decisions of this court have foreclosed plaintiffs of any relief under either of these contentions. In the City of Coalgate v. Gentilini, 51 Okla. 552, 152 Pac. 95, it was attempted to enjoin the collection of special assessments for the construction of a sewer in the city of Coalgate. The mayor and council of the city of Coalgate had duly adopted an ordinance creating a sewer district, providing for the construction of a sewer therein and for special assessments to pay the cost of construction thereof. The ordinance was adopted without the emergency clause, and did not take effect until 30 days after its passage and approval. The mayor and council let the contract for the construction of the sewer, assessments to pay the costs of which were sought to be enjoined, within his 30-day period. The injunction was denied. Mr. Commissioner Brett, who wrote the opinion of the court, says:

"Section 3390, Rev. Laws 1910, provides that a city ordinance does not become operative until 30 days after its passage and approval. Held, that this does not render the ordinance void; and it cannot be treated as not in existence during that time, but, while it is inoperative, yet the effect and purpose of the ordinance is, from and after the date of its passage and approval, to take control of the subject of the ordinance."

In the instant case the mayor and council of the city of Enid acquired jurisdiction by the adoption and publication of the resolution of necessity. It is true the owners of real estate affected by such resolution had 15 days from the last publication within which to protest against such improvement, but it is unnecessary for us to determine whether the adoption of the resolution of determination to proceed on December 17, 1909, when the last publication of the resolution of necessity was on December 2, 1909, gave the owners of real estate affected the 15 days provided for in its statutes or not. The jurisdiction of the mayor and council to make the improvement had attached by the passage and publication of the preliminary resolution, and when such jurisdiction was consummated by giving notice of the hearing of the return of appraisers, no irregularities in any of the proceedings subsequent to the adoption and publication of the preliminary resolution could avail the property owners unless action was taken because of such irregularities within 60 days after the passage of the ordinance making the final assessment. In City of Chickasha v. O'Brien, 58 Okla. 46, 159 Pac. 282, Mr. Justice Hardy, who delivered the opinion of the court, says:

"By section 644 it is seen that no suit may be maintained on any ground except for the two reasons given, which two reasons were necessary to constitute due process of law; that is, that the city should acquire jurisdiction to make the contemplated improvements by the adoption and publication of the preliminary resolution, where same was required, and should acquire jurisdiction of the property owners by giving notice of the hearing on the return of the appraisers. This language is as broad and comprehensive as it could be made, and indicates an intention upon the part of the Legislature to cause any litigation involving

the validity of the assessments, or seeking to enjoin the payment of the bonds, to be brought within the time limit. No exception is made for fraud occurring thereafter in the performance of the work, and, had the Legislature intended that such exception should be made, it would have been perfectly easy to say so; and the significant fact that the language used is as broad and comprehensive as it is, and that no exception is made, is to our minds conclusive evidence that none was intended."

It is clear from the record that no protest was ever filed against the proposed improvement, nor was any action taken until more than five years after the expiration of the period of limitation provided by section 644, Rev. Laws 1910, so that, whether or not the resolution of intention to proceed with the improvement was adopted prematurely, the plaintiffs are barred from maintaining this action by said section 644, Rev. Laws 1910.

Should we assume with the plaintiffs that the adoption of the resolution of January 10, 1910, was an abandonment by the mayor and council of the proceedings under the preliminary resolution and an attempt to proceed under the petition, it is unnecessary to determine whether or not the record supports the contention of the plaintiffs that the petition was not signed by the owners of more than one-half in area of the land subject to assessment. In Berry v. City of Stillwater, 49 Okla. 560, 153 Pac. 870, Mr. Chief Justice Kane, who delivered the opinion of the court, says:

"Whether the owners of more than one-half of the land liable to assessment signed the petition is a question for the mayor and board of commissioners of the city to determine before taking action pursuant to the petition; and, in the absence of any attack, either direct or collateral, upon their findings, it must be presumed that they found that the petition contained the requisite number of names, and that this finding is correct."

The mayor and council having found that the petition in question was signed by the owners of more than one-half of the area of the land to be affected and such finding, as we have seen, being presumed to be true in the absence of an attack, the mayor and council acquired jurisdiction to proceed with the improvement, and the proceedings are therefore not void. Section 644, Rev. Laws 1910, provides that the only grounds for contesting a paving assessment after 60 days from the passage of the final assessment

ordinance are the failure to adopt and publish the preliminary resolution, in cases requiring such adoption and publication, and the failure to give notice of the hearing on the return of the appraisers. If we assume that the mayor and council abandoned the proceeding by resolution of necessity and determined to proceed under the petition, the adoption and publication of the preliminary resolution would not be required, and the only ground left upon which the assessment could be attacked would be a failure to give notice of the hearing on the return of the appraisers. The plaintiffs would still be barred by the special limitation provided in section 644 from complaining that the petition was not signed by the owners of more than one-half of the land liable to assessment.

The plaintiffs, seeking at this late day to attack these assessments, are met with a long line of decisions of this court, commencing with Kerker v. Bocher, 20 Okla. 729, 95 Pac. 981, where Mr. Chief Justice Williams, who delivered the opinion of the court, says:

"Abutting property owners, with knowledge that such paving is being done with the intention of levying a special tax upon them for payment of the same and permitting such improvements to be done without objection to the council, and knowingly receiving the benefits when afterwards they seek relief in equity to escape payment therefor, will be deemed to have ratified the same, and estopped from setting up any irregularity, except when it goes to the extent of jurisdiction."

This case has been followed in Shulz v. Ritterbusch, 38 Okla. 478, 134 Pac. 961; City of Muskogee v. Rambo, 40 Okla. 672, 138 Pac. 567; City of Coalgate v. Gentilini, supra; Terry v. Hinton, 52 Okla. 170, 152 Pac. 851; City of Ardmore v. Appollos, 62 Okla. 232, 162 Pac. 211; Wey v. City of Hobart, 66 Okla. 175, 168 Pac. 433.

We are of the opinion that the mayor and council by the adoption and publication of the preliminary resolution of November 19, 1909, acquired jurisdiction to make the improvement contemplated, and that the plaintiffs by their laches are now estopped to complain of any irregularity in any of the subsequent proceedings.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.