JONES v. ANDERSON.

No. 32563. March 11, 1947.

*178 P. 2d 78.*

Max M. Fagin, of Oklahoma City, for plaintiff in error.

Grigsby & Eberle, of Oklahoma City, for defendant in error.

PER CURIAM. Roy W. Anderson filed an action against S. J. Jones, doing business as Jones Real Estate and Business Brokers, or the Jones Realty Company, Dick Garvin and Aleene Garvin to recover $841.49 damages sustained by reason of a failure to pay a second mortgage on real property transferred by warranty deed from Dick Garvin and Aleene Garvin to the plaintiff and in which transfer S. J. Jones acted as real estate broker for the Garvins. The cause was tried to the court without the intervention of a jury. Judgment was for plaintiff for the amount for which suit was brought, and this appeal is brought to review the proceedings in the trial court. A default judgment was taken against Aleene Garvin. Dick Garvin was not served.

S. J. Jones appeared personally and admitted ownership of the Jones Realty Company and defended in his own name and will be referred to hereinafter as defendant.

The evidence presented at the trial discloses that plaintiff entered into a contract to purchase, and purchased, for $1,850 the south 90 feet of lot 48 in block 47 in Industrial Addition to Oklahoma City, and on March 5, 1945, a war-

ranty deed was executed by the Garvins transferring said property. At the time of the transaction there was a first mortgage for $600, which plaintiff agreed to assume, and a second mortgage in the principal amount of $500 held by Idabelle Gray which was being foreclosed. The plaintiff testified that he gave the defendant $1,250, which was the balance due after the assumption of the first mortgage of $600, and the defendant agreed to pay off and satisfy the second mortgage. The principal disputed question of fact is as to whether the defendant told the plaintiff that he would first satisfy the Gray mortgage and pay the balance to the Garvins.

Although the defendant admits that he told the plaintiff after the transaction had been completed by a transfer of the property from the Garvins by warranty deed that the Gray mortgage had been paid, he denies that he entered into any agreement with the plaintiff to satisfy the Gray mortgage. In fact, in his single proposition presented under the caption of argument and authorities it is stated that the only conflict in the testimony is as to whether the defendant told plaintiff he would take care of the second mortgage and pay the balance to the Garvins.

We think this clearly states the issue as above suggested. It was disputed. The trial court resolved the issue in favor of plaintiff. When we consider that the defendant received the whole amount of the purchase price from the plaintiff and delivered it to the Garvins, we reach the conclusion that the record discloses a breach of his agreement to see the mortgage satisfied. Satisfaction includes release.

Defendant cites numerous cases, chiefly from this jurisdiction, to show that there is no fraud in the case at bar. All these cases have been noticed. He argues that under the rule announced in Tyler v. Hartford Accident & Indemnity Co., 195 Okla. 523, 159 P. 2d 722, there is no evidence that the defendant did not intend to pay the Gray

mortgage, and that under all of the facts and circumstances no fraud is shown. The fact that the defendant didn't pay is indicative of an intention not to pay, and consistent with the claim that he did not intend to pay, and his assertion that he did intend to pay the Gray mortgage is not conclusive. This was a question of fact for the trial court.

Circumstances by their number and joint operation, especially when corroborated by moral coincidences may be sufficient to constitute conclusive proof of fraud, although they are inconclusive if separately considered. Gordon v. Slate, 169 Okla. 399, 37 P. 2d 270. See, also, in this connection, Wingate v. Render, 58 Okla. 656, 160 P. 614; Cooper v. Gibson, 69 Okla. 105, 170 P. 220; Amazon Fire Ins. Co. v. Bond, 65 Okla. 224, 165 P. 414; Rogers v. Brummet, 92 Okla. 216, 220 P. 362; Billingslea v. Whitelock, 112 Okla. 192, 240 P. 722.

In Kronfeld v. Missal, 67 Conn. 491, 89 Atl. 95, plaintiff sued the defendant, a seller of a store, for not revealing an oral contract. In allowing a recovery on the ground of fraud the court said:

"A man's intention in doing an act may be proved by his words or inferred from his conduct. Sallies v. Johnson, 85 Conn. 77, 81, 81 Atl. 974, Ann. Cas. 1913A, 386. There was no direct evidence that the acts and statements of the defendant were fraudulent, but the plaintiff was not confined to direct evidence of this fact. The intention of a party is a fact to be proved, not necessarily by direct evidence. It may be shown either by direct evidence, or by proof of other facts indicative of such intention, and from which facts its actual existence and operation may be inferred. The act done and the circumstances attending its commission may indicate more or less clearly the intention of the party doing it, and authorize an inference of more or less weight in regard to such intention. Quinebaug Bank v. Brewster, 30 Conn. 559, 563; Morford v. Peck, 46 Conn. 380, 384."

The rules suggested and applied are applicable here.

Defendant states in his brief that the plaintiff has a cause of action in contract, and argues that plaintiff misconstrued his right and should have sued for breach of contract, whereupon defendant would have presented a different defense. It is difficult to conceive what such defense would be. The obligation to pay the Gray mortgage was complete when the defendant accepted the $1,250, and plaintiff could have maintained an action for money had and received, or an action for damages arising upon a breach of contract. 2 R. C. L. pages 778, 779, 780, and annotations and cases therein cited. Whether the action be based on fraud, assumpsit for money had and received, or a breach of a contract, the defendant thereafter paid the money to the Garvins at his peril and the failure to satisfy the Gray mortgage rendered defendant liable to the plaintiff for the resulting damages. However, the trial court based the judgment on fraud and we do not feel that under the circumstances the finding should be disturbed. The defendant quotes from Demarest v. Winchester Repeating Arms Co., 257 Fed. 173, wherein the court stated that there must be evidence of tangible facts from which a legitimate inference of a fraudulent intent may be drawn. He states that this case has been cited with approval by our court in Gungoll v. Elsberry, 177 Okla. 301, 58 P. 2d 852. In the case at bar the pertinent facts, to wit, the receipt of the $1,250, and the admission that the defendant told the plaintiff that the mortgage had been paid are not only tangible, they stand undisputed. The defendant admits his carelessness. The court denominated it fraud. It is a well known principle many times announced by this court that a judgment properly entered will not be disturbed because the court assigns a wrong reason for its entry.

Under the facts and circumstances we are convinced that the judgment for the plaintiff should not be disturbed.

Under the same argument, but really as a second proposition, defendant states that the contract, if made, would be

contrary to the statute of frauds. He fails to support the proposition further by any citation of authorities. We think it is so clear that such a contract would not contravene any terms of the statute of frauds that the suggestion is without substantial merit.

Judgment affirmed.

HURST, C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.