WILLIAMS v. CITY OF DURANT et al.

No. 33132.   Jan. 25, 1949.

*202 P. 2d 418.*

Porter Newman, of Durant, for plaintiff in error.

R. T. Stinson, of Durant, for defendants in error.

LUTTRELL, J. Plaintiff W. E. Williams brought this suit against the city of Durant, the county treasurer of Bryan county, the board of county commissioners of Bryan county, the Durant National Bank in Durant, a corporation, and others, seeking to quiet title to certain lots in Normal Heights Addition to Durant. The case was tried to the court as one of equitable cognizance, upon an agreed statement of facts, and the trial court denied the relief sought by plaintiff against the above-named defendants as to paving taxes assessed against the plaintiff's lots, and paving bonds which were payable out of such assessments. Plaintiff appeals.

The sole question presented is whether certain paving bonds issued by the city of Durant, and now owned by Durant National Bank, are valid and subsisting liens against plaintiff's property. The agreed statement of facts recites that plaintiff acquired title to the lots from parties who purchased the same at tax resale for ad valorem taxes only, and that the tax sale did not include any paving taxes assessed against the property; that the bank is the owner of the bonds; that the bonds were issued pursuant to the 1910 law, and matured on June 16, 1930; that on November 30, 1940, the bank, pursuant to the provisions of 11 O. S. 1941, §§242 and 242a, filed with the city clerk of the city of Durant its agreement to accept street improvement refunding bonds as required by the Act, but that said refunding bonds have never been issued.

Plaintiff first contends that the trial court erred in holding that subdivision 2 of 12 O. S. 1941 §95, did not apply to the Durant National Bank's cause of action, citing City of Bristow ex rel. Hedges v. Groom, 194 Okla. 384, 151 P. 2d 936. The contention, as we understand it, is that all rights of the bank to enforce the lien of its bonds against plaintiff's property were barred by the statute above referred to. However, in City of Bristow v. Groom, supra, we expressly held that said subdivision of section 95 barred only the right to bring an action to foreclose the lien of bonds which had matured more than three years prior to the bringing of the action, and did not cancel or nullify the lien of the bonds upon the property, or prevent the bondholder from availing himself of other remedies provided by law for the enforcement of his lien. The foreclosure statute (11 O. S. 1941 §107) did not apply to bonds issued prior to 1923, so that an action to foreclose could not be maintained on the bonds herein involved. It follows that this contention may not be sustained.

Plaintiff next contends that the trial court erred in holding that 11 O. S. 1941 §§242 and 242b did not apply to the bank's cause of action. Plaintiff asserts that the agreement of the bank to accept refunding bonds filed on November 30, 1940, as required by section 242, did not save or preserve the lien of the bank's bonds unless refunding bonds were issued, or proceedings for the issuance of such bonds commenced, within six months from the date of the filing of the agreement, as provided in section 242b.

11 O. S. 1941 §242 provides that street improvement bonds shall be barred by limitations as therein specified, unless, among other things, the owner of the bonds shall evidence his willingness to accept street improvement refunding bonds as provided in the Act. Section 242a provides what such agreement to accept refunding bonds shall contain, and that when filed it stops the running of the statute of limitations. Section 242b makes it the mandatory duty of the governing board of any city or incorporated town to refund all street improvement bonds whose owners have agreed to accept refunding bonds as provided in sections 242 and 242a, and then provides as follows:

"Said refunding procedure shall not, however, be commenced until the bond or bonds sought to be refunded shall have been matured and past due for at least three years, but shall be commenced within six months after the expiration of said three year period. Said refunding procedure, after commencement, shall be promptly carried out in accordance with the provisions of this Act. In the event that a party or parties own all the outstanding bonds in a Street Improvement District, and have filed an 'Agreement to Accept Street Improvement Refunding Bonds,' as provided in this Act, such party or parties may file an application with the Governing Board of such city or town, for Street Improvement Refunding Bonds, as provided in this Act, prior to the expiration of the three year period, and in such event said proceedings for refund shall be commenced within six months after the filing of such application."

It is plaintiff's contention that the failure of the city to issue refunding bonds within six months from November 30, 1940, and the bank's failure to make any effort to force such action upon the part of the city, extinguished the lien of the bonds, and precluded the bank from availing itself of any remedy for the collection of assessments for the payment thereof against his property.

In Morris v. Rosecrans, 200 Okla. 124, 191 P. 2d 189, we recently held that by the provisions of section 242a the filing of an agreement to accept refunding bonds preserved the lien of the bondholder against the property assessed for the payment thereof, and, while it limited the owner of bonds "to any remedy other than that made available" by the Act, it did not extinguish the lien of the bonds or limit the duty of the county treasurer in reference to the enforcement of the liens for delinquent assessments. In that case the agreement to accept refunding bonds was filed as required by the statute prior to December 1, 1940, and the property was sold at tax resale for paving assessments under the original bonds on May 24, 1944. Thus it appears that in that case refunding bonds were not issued by the city within the six month period. The holding in that case disposes of plaintiff's contention.

Plaintiff contends that the bank was estopped by its failure and neglect to enforce its claim so that it may not now assert the lien of its bonds, citing Ware Rubber Co. v. Sewell, 185 Okla. 283, 91 P. 2d 667, and Cities Service Oil Co. v. Boggs, 170 Okla. 335, 40 P. 2d 638, to the effect that silence or inaction may, under certain circumstances, work an estoppel. But it is clear that the 1939 law (11 O. S. 1941 §§242-242 (o) ), and our decision in Morris v. Rosecrans, supra, dispose of this contention, since thereby the lien of the bonds is preserved upon the compliance by the bondholder with the provisions of the Act, regardless of his prior inaction.

The judgment of the trial court was based upon his holding that the 1939 law was unconstitutional. The judgment was rendered prior to our decision in Baccus, County Treasurer, v. Banks, 199 Okla. 647, 192 P. 2d 683, in which we expressly held said law constitutional. Since, however, the trial court reached the right conclusion, the judgment will not be disturbed. Jones v. Anderson, 198 Okla. 304, 178 P. 2d 78.

Affirmed.