## VERSLUIS et al. v. HAMILTON, Co. Treas., et al.

No. 33847.   Nov. 27, 1951.

Rehearing Denied Oct. 28, 1952.

*249 P. 2d 439.*

L. W. Randolph and W. R. Banker, Muskogee, for plaintiff in error Leonard Versluis.

Banker & Bonds, Muskogee, for plaintiffs in error, W. R. Johnston & Company and William E. Johnston.

Chester Norman, Muskogee, for defendant in error Claud Hamilton, as County Treasurer of Muskogee County.

Richard Martin and Malcolm E. Rosser, Muskogee, for intervening property owners, defendants in error.

BINGAMAN, J. This is a proceeding for a writ of mandamus, brought by the plaintiff Leonard Versluis against Claud Hamilton, county treasurer of Muskogee county, seeking to force the defendant Hamilton to sell at tax resale certain property in the city of Haskell, Muskogee county, for unpaid assessments for street improvements made against the properties by the city of Haskell. The bonds, secured by the assessments, were issued in 1920, under the 1910 law, and the last bonds and last installment of assessments matured in 1930. Versluis alleged in his petition, and here contends, that the right to have the property sold at tax resale was a remedy to which he was entitled, because he had filed with the city authorities an agreement to accept street improvement refunding bonds under the provisions of art. 6, ch. 33, S. L. 1939, 11 O. S. 1941 §242 et seq., and that no refunding bonds had ever been issued by the city of Haskell. W. R. Johnston & Company and William E. Johnston, bondholders similarly situated, were permitted to intervene as parties plaintiff, and joined in the petition for the writ. Certain of the property owners whose property was involved intervened and were made parties defendant, and opposed the issuance of the writ. The trial court denied the relief sought by plaintiffs and refused to issue the writ, and plaintiffs appeal.

The trial court held that by filing agreements to accept street improvement refunding bonds and by thereafter bringing an action to enjoin the 1940 tax resale, which action was brought by Versluis and which resulted in a judgment enjoining the resale, Versluis was estopped by way of judgment or adjudication or election of remedies, and could not thereafter, by

mandamus, compel the county treasurer to sell the properties. He further held that the action was a class action and that the interveners were likewise estopped.

Plaintiffs contend that under the decisions in Morris v. Rosecrans, 200 Okla. 124, 191 P. 2d 189, and Williams v. City of Durant, 201 Okla. 113, 202 P. 2d 418, the lien of the special assessments was and is still valid and subsisting; that their sole remedy was and is by mandamus to compel the county treasurer to sell the property to satisfy such liens; that this remedy is still available to them, and that there was no estoppel or election of remedies which would preclude them from maintaining the present action for mandamus.

Defendants assert that because of the failure of plaintiffs and interveners to take any action to compel the issuance of refunding bonds, or to force the sale of the property by the county treasurer within a reasonable time after December 1, 1940, they are guilty of laches and may not maintain the action. We think this contention must be sustained.

It is to be noted that Morris v. Rosecrans and Williams v. City of Durant, supra, were actions to quiet title, in which the property had already been sold at resale to satisfy the liens. In those cases the question of the loss by laches of the right to maintain a mandamus action against the county treasurer was not considered or passed upon, but we held that the liens of the bondholders continued in existence after the expiration of the time specified in the 1939 Act (December 1, 1940), where the bondholders had filed agreements to accept refunding bonds.

In City of Bristow ex rel. Hedges v. Groom, 194 Okla. 384, 151 P. 2d 936, we held that on bonds issued under the 1923 law, an action to foreclose was barred after the expiration of three years from the accrual of the cause of action, 12 O. S. 1941 §95 (2). In Hutch-

man v. Parkinson, 199 Okla. 494, 187 P. 2d 999, we applied the same yardstick to an action in mandamus against the county treasurer to enforce the lien of the assessments, holding that the failure to bring the mandamus action within three years from the date of the accrual of the cause of action barred the remedy, because of laches. In that case we said:

"Ordinarily a mandamus proceeding by the owner of paving bonds to compel the county treasurer to enforce collection of the bonds commenced more than three years after the maturity date of the last installment, is barred by laches, 12 O. S. 1941 §95 (2), being the analogous statute of limitations."

In Baccus v. Banks, 199 Okla. 647, 192 P. 2d 683, we pointed out that at the time of the enactment of the 1939 Act, there were no statutes of limitations applicable to the sale and resale by the county treasurer of the property to satisfy said improvement liens, but said that the law is well settled that statutes of limitations may be made to apply to rights or causes of action against which there was no such statute at the time they were created. If, as held in Hutchman v. Parkinson, supra, the failure to bring the mandamus action rendered the bondholders guilty of laches where the bonds were issued under the 1923 law, we see no reason why the same rule should not apply to bonds issued under the 1910 law, where the only remedy was the sale by the county treasurer to satisfy the delinquent assessments, since under the 1923 law that remedy was also available to the bondholder.

In the instant case, by the 1939 law the city had six months from December 1, 1940, within which to issue the refunding bonds. In case it failed to do so the bondholders had two remedies available, each of which arose at the expiration of said six months' period. One was to bring an action in mandamus to require the city to issue refunding bonds. City of Shawnee v. Taylor, 191 Okla. 687, 132 P. 2d 950. The

other was to bring an action in mandamus against the county treasurer to require him to sell the property to satisfy the delinquent assessments. The plaintiffs and interveners did not avail themselves of either of these remedies for some six and one-half years after the accrual of their causes of action. Therefore, under the rule announced in Hutchman v. Parkinson, which we consider applicable here, they are barred by laches from maintaining the present action.

While the judgment of the trial court was not based upon the defense of laches, we have in numerous decisions held that where the trial court reached the right conclusion, the fact that he gave wrong reasons for his holding would be disregarded on appeal. Williams v. City of Durant, supra, Jones v. Anderson, 198 Okla. 304, 178 P. 2d 78.

In supplemental brief plaintiffs and interveners call attention to the House Bill No. 239. S. L. 1951. p. 181, c. 3A, providing that all remedies of bondholders who have filed agreements to accept refunding bonds, but who had not received refunding bonds as provided by the 1939 law, shall be barred upon the expiration of three years from the date of the filing of the agreement to accept refunding bonds, and providing further that where such period has expired prior to July 1, 1951, the holder of such bonds shall have until December 1, 1951, in which to pursue the remedy of foreclosure. Plaintiffs and interveners assert that this is a legislative recognition that their liens remain in full force and effect. Whether this is the effect of the act is a question which we are not called to pass upon. We simply hold that the remedy of mandamus is in the instant case barred by laches.

Affirmed.

ARNOLD, C.J., HALLEY, V.C.J., and CORN and JOHNSON, JJ., concur. WELCH, DAVISON, and O'NEAL, JJ., dissent.