Oscar CARNES and Grace Carnes, Plaintiffs in Error,

v.

George THOMAS and Irene Thomas, Defendants in Error.

No. 36227.

Supreme Court of Oklahoma.

Feb. 15, 1955.

Don W. Walker, T. L. Blakemore, Sapulpa, for plaintiffs in error.

R. E. Stephenson, Sapulpa, for defendants in error.

JOHNSON, Chief Justice.

Plaintiffs, defendants in error, brought an action against Oscar and Grace Carnes, appellants (and others who did not appeal) in ejectment and to quiet title to lots One (1) to Ten (10) inclusive, in Burnett Addition to the City of Sapulpa, Creek County, Oklahoma, which lots are situated in Sewer District No. 7 therein.

The parties will be referred to hereafter as they appeared in the trial court.

Defendants complain of a final judgment rendered against them on September 21, 1953, for possession of said property, and quieting title thereto in the plaintiffs.

Defendants' title is derived from a County Treasurer's resale tax deed issued to them as the purchasers thereof at the 1941 resale for $7.20 delinquent ad valorem taxes, and plaintiffs' title is based upon a County Treasurer's resale tax deed issued

to them after the 1951 resale for $1,270 delinquent (ad valorem) sewer assessments.

This particular sewer district has been the subject matter of litigation for a long period of time. See Berryhill v. City of Sapulpa (Gibbs v. City of Sapulpa [consolidated]), 97 Okl. 65, 222 P. 555; Payne. v. Smith, 107 Okl. 165, 231 P. 469; State ex rel. Bonney v. Arthurs, 197 Okl. 215, 169 P.2d 561, and Stephenson v. Bonney, 202 Okl. 549, 216 P.2d 315.

There is no dispute as to the deraignment of the title of the defendants and plaintiffs but defendants argue that their resale tax deed title is valid and superior to the resale tax deed title of plaintiffs, thus entitling them to have their title quieted with continued right of possession.

■ The sale of the property for delinquent ad valorem tax did not foreclose the sewer lien where, as in this case, in the 1941 sale the property was not advertised for sale for the delinquent sewer (assessment) lien. Sewer assessment liens are not cancelled by sale and resale of assessed properties for delinquent ad valorem taxes, unless such liens are included in notice of the sales. Holloway v. Davis, Okl., 261 P.2d 217; Stephenson v. Bonney (Mobley v. Stephenson), 202 Okl. 549, 216 P.2d 315.

Defendants interpose several assignments of error, but we shall consider only whether the first resale tax deed of defendants was cancelled by the plaintiffs' second resale tax deed, and whether plaintiffs have been guilty of laches.

■ In this case the defendants' resale tax deed was valid but subject to cancellation by a subsequent resale tax deed and was cancelled by the subsequently issued resale tax deed of plaintiffs. The second sale cut off all interests acquired by purchasers at tax sales for taxes prior to that upon which the tax deed is based. See Taylor v. Lawrence, 176 Okl. 75, 54 P.2d 634, and cases cited therein.

■ Defendants next contend, among other things, that the plaintiffs cannot recover by reason of laches, but this contention is without merit. That question relative to the property involved herein

was settled in the Stephenson v. Bonney case, supra, 202 Okla. 549, 216 P.2d 315. Therein we held that where the owners of lands subject to liens of city sewer assessments adjudged by the Supreme Court to be valid obligations, permitted sale and resale of lands for delinquent ad valorem. taxes after unsuccessfully suing to force county treasurer to accept payment of such. taxes without payment of assessments and sought by various court actions to avoid payment after such adjudication, bondholders' liens were not barred by laches,. as landowners' financial loss, if any, resulted from unreasonable delay caused by. such actions, in enforcing liens, and the damages, if any, (caused by the long lapse of time) were self-inflicted in effort to nullify the effect of the judgment. Delay to constitute laches must be unreasonable and inexcusable under circumstances shown. Whether laches will be applied in any particular case does not depend on lapse of time, but on facts and circumstances disclosed. Laches legally speaking is not mere delay, but delay that works a disadvantage to another than party guilty thereof.

■ An examination of the record herein shows that the delay was caused by the property owners, and not the bondholders. However, in this connection, defendants claim that plaintiffs are also barred by the applicable statutes of limitations, citing Versluis v. Hamilton, 207 Okl. 325, 249 P.2d 439, and other authorities, which they contend sustains their contentions. We do not agree. The nearest case in point is the Versluis case, and it is readily distinguishable in that therein we said that where owners of paving bonds of a City issued under 1910 law filed with the city their agreements to accept refunding bonds under terms of 1939 law, 11 O.S.1941 § 242 et seq., and thereafter made no attempt either to have refunding bonds issued or to have property sold by county treasurer to satisfy delinquent assessments for some 6½ years after accrual of their right to such relief, mandamus action brought to force the county treasurer to sell property to satisfy delinquent paving installments.

 

was barred by laches. In the instant case the bondholders have been diligent. As we have indicated, the cause of the long delay has been the continuous opposition of the city property owners over a long period of years to prevent the bondholders from realizing anything from their investment or bonds. See cited cases, supra, relating to this sewer district.

For the reasons stated, the judgment is affirmed.

WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY and JACKSON, JJ., concur.