Bernard MOSS, also known as B. Moss, Plaintiff in Error,

v.

A. J. GOFF et al., Defendants in Error.

No. 36475.

Supreme Court of Oklahoma.

Feb. 14, 1956.

Rehearing Denied April 10, 1956.

Twyford, Smith & Crowe, Oklahoma City, F. M. Bookstore, Oklahoma City, for plaintiff in error.

Reynolds & Ridings, Oklahoma City, for defendants in error Ernest M. Loeb, Jr., Archibald A. Marx.

A. L. Jeffery, William F. Collins, Jr., Oklahoma City, for defendant in error, Oklahoma City.

DAVISON, Justice.

The plaintiff, Bernard Moss, also known as B. Moss, filed this suit to quiet title to some twenty-two lots in additions to Oklahoma City, Oklahoma as against liens asserted against said property by reason of assessments levied to pay special assessment refunding bonds. Said bonds were issued by the defendant, City of Oklahoma City, for whom Earl Simon was city clerk. The bonds were owned by the defendants, Ernest Loeb, Jr. and Archibald A. Marx. In addition to those, above specifically named, the defendants included the Board of County Commissioners of Oklahoma City, Oklahoma, and W. T. "Bill" Hale, County Treasurer, and A. J. Goff and numerous other parties, all of whom were owners of the original special improvement bonds, theretofore refunded and can-

celled. The parties will be referred to in the same order in which they appeared in the trial court.

All pertinent facts appear in the record by stipulation and exhibits. Special improvement or paying bonds designated Series No. 520 were issued in 1923 by the City of Oklahoma City, which said bonds matured in 1933. Of that issue, bonds in the approximate principal amount of $19,-000 with a large amount of accrued interest were past due and outstanding when, in 1939, the Legislature enacted Senate Bill No. 164 which appears in Okl.Stat.1941 as Title 11, § 242 et seq. On Sunday, December 1, 1940, several owners of said bonds filed them and agreements to accept refunding bonds, with the city clerk. Other bonds and agreements had previously been filed and still others were filed on Monday, December 2, 1940. Of the forty-six outstanding bonds, agreements as to thirty-eight were filed on or before the last above mentioned date. Upon those so filed there was due a total of some $51,596.80. As to two of the remaining ones, agreements were subsequently filed and, as to six, no agreements were ever filed. Upon the eight, last above mentioned, there was due a total of approximately $10,829.88. The total amount of principal and interest on all outstanding bonds was the total of the last two specified amounts or $62,426.68, which amount will be hereinafter referred to. There was, however, no response to the city's request for a cash advance to cover cost of a refunding procedure and no further steps as to refunding were taken at that time.

In April, 1942, the defendant herein, A. J. Goff, filed a letter with the city clerk to the effect that he was the owner of all outstanding bonds of said issue and asking that the same be refunded. Immediately thereafter the proper city officials took such steps as were necessary to refund the bonds so filed to the extent of issuing refunding bonds in the total amount of $19,408.52. Upon the delivery of said refunding bonds, all the original bonds, upon which the principal and interest amounted to $62,426.68 as referred to in the preceding paragraph, were surrendered and cancelled. At the trial of the instant case, it was stipulated by the parties that,

"All notices, resolutions and ordinances were published as required by the provisions of Senate Bill 164, Session Laws 1939, pages 156 and 166, Inc. and by House Bill No. 255, Session Laws 1927, pages 145 to 155, inc.

"10. That no protest or objections were made or entered by any property holders or any other person interested at any time during the pendency of the refunding proceedings had by the City of Oklahoma City."

It was also stipulated,

"1. That the plaintiff is the owner of all of the real estate described in his petition; that he acquired his interest in said property subsequent to all of the proceedings hereinafter set forth; that he acquired his title to said property at tax resales wherein said property was sold for ad valorem taxes only or by virtue of quit-claim deeds from purchasers at such tax resales."

Plaintiff filed this suit on February 12, 1952, seeking to quiet his title as against the original paving bonds and the refunding bonds and the assessments levied for the payment thereof and seeking proper decree directing the municipal and county officers "to cancel said assessments and bonds of record and to be perpetually barred and enjoined from ever attempting in any manner to collect said assessments." Judgment of the trial court was for defendants and plaintiff has duly perfected this appeal.

The propositions here presented by plaintiff are concisely stated in his brief, as follows:

"The agreement to accept refunding bonds on certain of the bonds so refunded was filed too late, and when such agreement was filed it contained a reservation and was qualified.

"Certain bonds were refunded upon which no agreement whatsoever had been filed.

"Regardless of whether agreements were filed or not, the agreements so filed were never acted upon.

"The refunding proceedings, once they were eventually commenced, were not commenced within six months from December 1, 1940, being the mandatory date required by the 1939 law.

"The refunding proceedings, once they were eventually commenced, were not based upon the agreement so filed but upon an entirely different and new agreement not filed until April 13, 1942.

"The refunding proceedings as they were eventually commenced were not conducted under the 1939 law at all but were conducted under the 1927 law which had theretofore been repealed."

■ All these propositions are answered in argument by the defendants but the strongest position is that all objections to the validity of the bonds or the assessments here presented, should have been raised within fifteen days after the publication of the ordinance levying reassessments and, not having been so raised, were barred by the provisions of section 14 of the 1939 act p. 166. With this contention we agree.

Although that section, in so far as it is here applicable, has not been heretofore construed, we have considered the effect of section 644 of R.L.1910. In the case of Bickel v. Warner-Quinlan Asphalt Co., 70 Okl. 138, 174 P. 537, 539, it was held that the question of insufficiency of the petition of the property owners from the issuance of paving bonds could not be raised after expiration of the sixty-day limitation period specified in said section. Therein the earlier case of City of Chickasha v. O'Brien, 58 Okl. 46, 159 P. 282 was quoted as follows:

" 'By section 644 it is seen that no suit may be maintained on any ground except for the two reasons given, which two reasons were necessary to constitute due process of law; that is, that the city should acquire jurisdiction to make the contempated improvements by the adoption and publication of the preliminary resolution, where same was required, and should acquire jurisdiction of the property owners by giving notice of the hearing on the return of the appraisers. This language is as broad and comprehensive as it could

be made, and indicates an intention upon the part of the Legislature to cause any litigation involving the validity of the assessments, or seeking to enjoin the payment of the bonds, to be brought within the time limit. No exception is made for fraud occurring thereafter in the performance of the work, and, had the Legislature intended that such exception should be made, it would have been perfectly easy to say so; and the significant fact that the language used is as broad and comprehensive as it is, and that no exception is made, is to our minds conclusive evidence that none was intended.' "

following which, it was concluded that,

"It is clear from the record that no protest was ever filed against the proposed improvement, nor was any action taken until more than five years after the expiration of the period of limitation provided by section 644, R.L.1910, so that, whether or not the resolution of intention to proceed with the improvement was adopted prematurely, the plaintiffs are barred from maintaining this action by said section 644, R.L. 1910."

Section 14 of Senate Bill 164, S.L.1939, supra, provided that, after the expiration of the 15-day protest period the bonds or assessments could not be attacked for any reason "other than for the failure of such governing body to adopt and publish the resolutions and ordinances provided for in this Act." The stipulation of the parties, as above quoted, negates any such failure. Several cases relied upon by plaintiff are similar to the included case of Versluis v. Hamilton, 207 Okl. 325, 249 P.2d 439 wherein the bondholders were seeking by mandamus to compel the issuance of the bonds. No question concerning the short limitation provisions of the statute was or could have been involved because no "resolutions and ordinances of the governing body" had been passed or published. Therefore any and all irregularities were proper matters for presentment.

The last above cited case was relied upon as authority to the effect that, unless the refunding procedure was commenced within

the six months period following December 1, 1940 as required by said section 3 of Senate Bill 164 S.L.1939, the doctrine of laches constituted a bar to further proceedings and the lien had expired. That question cannot be now raised in this proceeding for two reasons. The bondholders are not seeking to compel the city officers to proceed to refund the bonds (that has already been done) and the 15-day limitation period has expired. As in the Bickel v. Warner-Quinlan Asphalt Co. case, supra, the governing board in the instant case determined the validity of the petitions or applications for the issuance of the bonds. That finding cannot now be attacked and, as was said in the case of Williams v. City of Durant, 201 Okl. 113, 202 P.2d 418, 420,

"But it is clear that the 1939 law, 11 O.S.1941 §§ 242–242o, and our decision in Morris v. Rosecrans, supra [200 Okl. 124, 191 P.2d 189], dispose of this contention, since thereby (filing agreement to refund) the lien of the bonds is preserved upon the compliance by the bond holder with the provisions of the Act, regardless of his prior inaction."

Much stress is also placed by plaintiff upon the assertion that the refunding proceedings were had under chapter 93 of the Session Laws of 1927 which had theretofore been repealed. The same argument was made in the trial court where the following finding was made:

"The 1927 Act was amended in 1933 (S.L.1933, Ch. 53, pgs. 94–95) as to Section 1 only. The general repealing Act (S.L.1941, Ch. 4a, pgs. 460 to 466) repealed Chapter 93, Sections 2 to 18–A of the 1927 Act, and Chapter 53, Section 1, of the 1933 Act. It did not repeal Article 6, Chapter 33, of the S.L. 1939 Act. This repealing act went in force June 7, 1941. However, in this repealing act (S.L.1941, Ch. 4a, Pg. 460), in its title and in section 20 (Pg. 467) it preserves existing rights, etc. in accordance with the law in force prior to its approval, and it provides it shall be considered in conjunction with the intent of H.B. 519 (18th Session, same being S.L.1941, Ch. 4, pg. 457) and Section 8 (Pg. 459) of that

Act says it shall not repeal, affect, or modify 'any law affecting any bond issue, etc.' All said rights to remain unaffected. The same provision is found in the 1943 Act. (S.L.1943, Ch. 4, Page 252). The 1939 Act did not have a repealing clause. Therefore, insofar as these bonds were concerned these laws remained in force."

Regardless, however, of the situation regarding the 1927 Act, all steps necessary for compliance with both the 1927 Act and the 1939 Act were taken. At that time the constitutionality of the 1939 Act had not been determined and the precaution was taken so that the bonds would be valid under either legislative enactment. The resolution authorizing the issuance of the bonds provided, 

"Said bonds shall be designated Street Improvement Refunding Bonds and shall recite that they are issued pursuant to the provisions of Laws of 1939, pages 156, et seq., and pursuant to the provisions of Chapter 93 of Laws of 1927 for the purpose of refunding outstanding bonds of Special Assessment District described therein."

Subsequently, this court promulgated the opinion in the case of Baccus v. Banks, 199 Okl. 647, 192 P.2d 683 wherein the 1939 act was held to be constitutional and effective. The bonds herein were issued on September 22, 1942. The present suit was filed on February 12, 1952, nearly ten years later. Plaintiff, at that late date, could not avail himself of a remedy which by the act of the Legislature was limited to a fifteen-day period. Independent of the short limitation statute, this court held in the early case of City of Bartlesville v. Holm, 40 Okl. 467, 139 P. 273, 275, 9 A.L.R. 627, that,

"There is a growing tendency on the part of the courts to require prompt action on the part of the property owner in interposing objections, so that they may be made in time to enable the municipality to correct any defects in the proceedings under which public improvements are being made. Failure in this regard is sometimes referred to as estoppel, sometimes as waiver, and sometimes as laches; but, by whatever

name it is known, or on whatever theory it is explained, it is generally held that, if the delay is unreasonable, and during such delay the other party has in good faith changed his position so that he would be injured by such delay, if the relief which is sought were to be given, such delay amounts to laches, and precludes relief, even if the circumstances were such that relief should have been given, had application been made promptly. This court on several occasions has applied the doctrine of laches to cases involving assessments for public improvements."

Many cases from this jurisdiction reaching a similar conclusion as we have come to herein are specifically set out in the Federal Court case of City of Enid ex rel. Versluis v. Robinson, D.C., 39 F.Supp. 923, at page 925.

■ The plaintiff herein holds title by virtue of sales of the property for delinquent ad valorem taxes only. That the property was so sold, has no effect on the lien of the special assessment.

"Where the county treasurer sells at resale for ad valorem taxes only, property that is subject to a special assessment lien for street improvements, the lien of the special assessments is not thereby extinguished." Bd. of Com'rs of Seminole County v. City of Wewoka ex rel. North, 191 Okl. 142, 127 P.2d 826, 827.

■ Nor is plaintiff in any different position because he purchased the property after the refunding procedure had been completed and the fifteen-day limitation period had expired. A statement of the controlling rule of law in such situations is found in the case of City of High Point v. Brown, 206 N.C. 664, 175 S.E. 169, 171, wherein it was said,

"The presumption is in favor of the regularity of proceedings under which public improvements authorized by the General Assembly have been made. Gallimore v. Town of Thomasville, 191 N.C. 648, 132 S.E. 657. When the appealing defendant, R. G. Hendrix, pur-

chased the property, there was a statutory lien on it for the street assessment, and he took in cum onere. The assessment was not void as in Charlotte v. Brown, 165 N.C. 435, 81 S.E. 611, and like cases. This appealing defendant has no legal status to attack this assessment; it is res judicata."

The fifteen-day limitation period within which a property owner may attack the assessments for payment of refunding bonds applies also to all subsequent owners of property within the district.

The judgment is affirmed.