J. W. DUNCAN, Ralph Moore, and Mrs. Iva M. Griffith, Board of Education of Dependent School District No. 51 of Canadian County, State of Oklahoma, Plaintiffs in Error,

v.

Neal GOLDEN, County Superintendent of Schools of Canadian County, Oklahoma, Defendant in Error,

Charles Estep, Leroy Jameson, Lloyd Reichert, Otis Estep, Henry Arthur, L. A. Watts and James Moore, Interveners.

No. 37525.

Supreme Court of Oklahoma.

July 9, 1957.

Rehearing Denied Oct. 29, 1957.

Rinehart, Rinehart & Rinehart, El Reno, for plaintiffs in error.

Roy M. Faubion, County Atty. of Canadian County, El Reno, for Neal Golden, County Superintendent of Schools of Canadian County, defendant in error.

E. Blumhagen, Watonga, for interveners.

BLACKBIRD, Justice.

Plaintiffs in error, hereinafter referred to as plaintiffs, instituted this action against the defendant in error, Neal Golden, hereinafter referred to as defendant, to obtain a restraining order and injunction to prevent said defendant from ordering, or approving the transfer to other schools in Canadian County, of children eligible to attend school in said County's Dependent School District No. 51.

The controversy between plaintiffs, as members of said school district's school board, and the defendant County Superintendent, as shown by the allegations of their petition and the stipulation of facts thereafter entered into at the trial, was the result of an election held in said school district on June 22, 1956, under Tit. 70, O.S. 1951 § 8–6, to determine the question of whether or not said students should be so transferred. The majority of those voting at said election voted in favor of such transfer, but, in accord with the provisions of the cited statute, only electors, who had children eligible during the ensuing year to attend school in the grades taught in District No. 51's school, were allowed to vote at said election. It was plaintiffs' position that such statutory restriction extending, as it does, beyond the qualifications specified for electors generally by Art. III, sec. 1, of the Oklahoma Constitution, renders the cited school law unconstitutional.

In their petition, plaintiffs alleged, in substance, that if the defendant school superintendent was not immediately restrained and enjoined, he would, in compliance with said law and the returns of the election held thereunder, order the above-described transfer of students, which would have the effect of closing, and dispensing with, school in said District No. 51. The petition further alleged "that said plaintiffs and said district will suffer irreparable injury for which they have no adequate remedy at law * * *". The petition also mentioned (among other allegations unnecessary to notice for reasons hereinafter appearing) a school teacher's contract that the plaintiff board members had entered into before the election, with a person not a party to the action and alleged, in substance, its binding force upon the plaintiffs (as well as said school teacher) as another reason why the students' transfer and resulting discontinuance of school in said district, was without proper legal authority.

The defendant filed a general demurrer to plaintiffs' petition; and certain of the electors (who had children with school eligibility and had voted in favor of the transfer) when allowed to intervene, likewise alleged in their answer, among other things, that said petition did not state facts sufficient to constitute a cause of action in favor of plaintiffs and against the defendant. The trial court reserved decision upon the sufficiency of plaintiffs' petition and decided (apparently by agreement) to consider the cause on its merits, and to also consider the challenge to the sufficiency of the petition as a challenge also to the sufficiency of the evidence, which evidence was incorporated in the record by the

above-mentioned written stipulation, with a photostatic copy of the above-mentioned school teacher's contract attached thereto, as an exhibit.

██ In his judgment, the trial court passed upon the constitutionality of Tit. 70, § 8–6, supra; and specifically held, among other things, that "* * * the provisions permitting only persons having children eligible to attend school in the grades offered in the District, is not an added qualification and prerequisite of the right of electors to vote in the school district election as to make such statute unconstitutional * * *"; and denied the injunction. After the overruling of their motion for a new trial, plaintiffs perfected the present appeal.

██ They seek reversal of said judgment on the alleged ground, among others, of the incorrectness of the conclusion therein announced as to the constitutionality of Tit. 70, § 8–6, supra. We deem it unnecessary, however, to pass upon that question, or the others plaintiffs seek to have determined, for the reason that said judgment's denial of the injunction sought in the action is fully justified, and will stand, on another ground, regardless of, and without respect to, the correctness of its announced conclusions concerning the cited statute. It is a settled rule of appellate review in this jurisdiction that a judgment, if correct, must stand, regardless of the correctness of the reasons, theory or conclusions upon which it was based. See State ex rel. Com'rs of Land Office v. Landess, Okl., 293 P.2d 574; Davis v. Little, Okl., 289 P.2d 666; Littlefield v. Howery, Okl., 266 P.2d 957; Chaney v. Reddin, 201 Okl. 264, 205 P.2d 310, 8 A.L. R.2d 337; Williams v. City of Durant, 201 Okl. 113, 202 P.2d 418; City of Tulsa v. Thomas, 89 Okl. 188, 214 P. 1070, and other cases referred to in Vol. 2A, West's Okla. Dig., under Appeal and Error ⬤⇒854(2), and others digested under 12 O.S.A. § 78, Notes 101, 102; 5 C.J.S. Appeal and Error § 1849, Note 68. In our opinion, plaintiffs failed to make a sufficient showing to entitle them to the extraordinary injunctive relief

they prayed for. This was sufficient reason, in itself, for the trial court's holding against them. In the absence of any facts showing that they would be irreparably damaged (as alleged in their petition) by the operation and/or enforcement of said statute, unless the injunction was granted, the validity of the statute was not an issue, or to state it more specifically and accurately—without such prerequisite showing, the latter question was never properly reached. As said in Patterson v. Stanolind Oil & Gas Co., 182 Okl. 155, 77 P.2d 63, 95:

"A principle of long standing in constitutional law is that 'a court will not listen to an objection made to the constitutionality of an act by a party whose rights it does not affect and who has therefore no interest in defeating it.' [Citing authorities.] * * * This principle is applicable to objections to separable portions of an act as well as those to the entire act. * * * In Aikins v. Kingsbury, 247 U.S. 484, 38 S.Ct. 558, 560, 62 L.Ed. 1226, the Supreme Court of the United States said: 'He who would successfully assail a law as unconstitutional must come showing that the feature of the act complained of operates to deprive him of some constitutional right.' "

In this connection see other authorities cited in the dissenting opinion in Natural Gas Pipeline Co. of America v. Corp. Comm., Okl., 272 P.2d 425, 434.

██ As hereinbefore indicated, plaintiffs' petition alleged the legal conclusion that they had no adequate remedy at law and that they would be irreparably damaged if the injunction were not granted, but it alleged no fact showing in what way this would result, or of what such damages would consist. In Bracken v. Stone, 20 Okl. 613, 95 P. 236, 237, this court quoted, in part, from 10 Enc.Pl. & Pr., p. 954, as follows:

"A general allegation that the acts apprehended will be irreparable, *unattended by such a statement of facts as enables the court to see that such will*

*be the result,* is insufficient. The pleader must not content himself with a mere averment of his conclusions, but must *show* how the irreparable injury apprehended is to arise * * *". (Emphasis ours.)

Nor did the defendant's general demurrer relieve plaintiffs of the burden of proving the factual requirement referred to. Said pleading admitted only the facts well pleaded by plaintiffs, and the inferences, or conclusions, to be reasonably and logically drawn therefrom. It did not admit plaintiffs' conclusions unattended by allegations of facts to support them. Such conclusions were mere surplusage and insufficient in themselves to invoke the court's equitable powers to grant plaintiffs the extraordinary relief they prayed for. Speaker v. Board of County Com'rs, Okl., 312 P.2d 438.

In view of the foregoing, plaintiffs' petition was properly demurrable, and, as it was determined, and/or agreed that the trial court might consider defendant's demurrer to it as also a challenge to the sufficiency of the evidence, the trial court would have been justified in sustaining the demurrer and dismissing the action. The stipulation, upon which the case was tried, set forth no fact showing that plaintiffs would suffer any irreparable damage by denial of the injunction prayed for. Irrespective of any damage plaintiffs might conceivably suffer from defendant's anticipated transfer order, or orders, if the petition had disclosed whether or not plaintiffs had children with District No. 51 school eligibility, and had alleged facts showing such damage, it also failed to allege facts showing what detriment such transfer would cause plaintiffs, as members of the board. The petition and plaintiffs' brief refers to the school teacher's contract as a "binding" one, and it appears, from the photostatic copy thereof attached to the stipulation of facts, that the term specified in said contract extends to a much later date than the apparently anticipated date of the transfers, yet nowhere therein does the petition, stipulation, or plaintiffs' brief show that plaintiffs will necessarily incur any irreparable loss, liability, or damages, if the contract is not carried out and said teacher's employment is terminated before the end of its term, by discontinuance of school in District No. 51. Plaintiffs make no effort to demonstrate, and, in view of the pleadings and evidence, we find it unnecessary to decide, whether or not termination of such a contract, in such a situation, would be legally excusable and/or would incur liability on the part of the board members.

We think the foregoing is sufficient to demonstrate that the facts stipulated in this case did not constitute the showing of irreparable damage necessary to entitle plaintiffs to the injunction they sought. Accordingly, the trial court's judgment correctly denied said injunction. Said judgment is therefore affirmed.

CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, JACKSON and CARLILE, JJ., concur.

WELCH, C. J., dissents.