NOCO INVESTMENT CO.,
INC., Appellant,

v.

Ted PARKS, Jessie Parks, Appellees,

John F. Cantrell, County Treasurer of Tulsa County, State of Oklahoma; The City of Tulsa, Tulsa, Oklahoma, State of Oklahoma; Melissa R. Childers, a single woman; Jacob Charts, a single person; Tom Charts, a single person; Charles Lunceford, individually and as Special Administrator of the Estate of Cecilia McKerren, deceased; Charlotte Snyder; Regina McKerren Mang and Ed Mang, husband and wife; Charles Pope and Voula Pope, husband and wife; Lee Murray; Charles J. McKerren and Betty

Lou McKerren; Kathleen M. Lunceford; Lois Marie McKerren; the known and unknown heirs, devisees, legatees, personal representatives and/or assigns, immediate and remote, of Cecilia McKerren, deceased; and the Internal Revenue Service, United States Department of the Treasury; Terry F. McGee; and Shirley A. Abbott; Defendants.

No. 87920.

Court of Appeals of Oklahoma, Division No. 3.

Oct. 25, 1996.

Rehearing Denied Dec. 13, 1996.

Certiorari Denied March 5, 1997.

Rodney A. Edwards, Tulsa, for Appellant.

R. Brent Blackstock, Tulsa, for Appellees.

## MEMORANDUM OPINION

CARL B. JONES, Presiding Judge:

In 1989, the City of Tulsa filed notice of a nuisance abatement lien on two lots for the cost of demolishing an abandoned building on the property. In 1991, the county treasurer sold the property for unpaid ad valorem taxes. Appellant acquired the lots by quitclaim deed in 1992, and the following year instituted this action to quiet its title. In 1994, apparently because the municipal demolition lien had not been extinguished,[1] the county treasurer sold the property to Appellees Ted and Jessie Parks, who in turn conveyed the property to McGee and Abbott.[2] Appellant's

---

1. The county treasurer scheduled the property for resale in 1993 because ad valorem taxes for 1991 and 1992 had not been paid, but the delinquent taxes were paid, and the property was removed from the tax resale.

2. McGee and Abbott, purchasers of the subject property under contract for sale, appeared in the trial court *pro se.* No instrument appears in the record from them, and neither of them has filed an appearance on appeal.

amended petition in 1995 demanded, *inter alia*, cancellation of the city's lien.

Appellant subsequently moved for summary judgment in its favor in reliance upon an affidavit from the chief deputy county treasurer that the 1991 resale had extinguished the municipal nuisance abatement lien because, although having notice of the proposed resale of the property, the city failed to redeem its interest or bid at the resale conducted in 1992. The affiant stated that in-house counsel for the county treasurer had researched the issue and was of the opinion that municipal nuisance abatement liens would attach to the proceeds of a county resale, but would otherwise be extinguished. Appellant in its supporting brief cited 11 O.S.1991 § 22–112(5) (if not paid within six months, city clerk shall forward certified statement of demolition costs to county treasurer, and such costs "shall be levied on the property and collected by the county treasurer as are other taxes authorized by law") that municipal nuisance abatement liens are co-equal with ad valorem tax liens, and several cases as standing for the proposition that the purchaser at a county tax resale takes free and clear of any municipal lien.

Appellees Ted and Jessie Parks responded and also requested summary adjudication. They argued that the advertisement of the 1991 county tax resale did not include any mention of the city's nuisance abatement lien, and so the city's lien survived the tax resale. Appellees agreed that the city's nuisance abatement lien was co-equal with an ad valorem tax lien under § 22–112(5), but asserted that the cases of *Carnes v. Thomas*, 280 P.2d 474 (Okla.1955), and *Moss v. Goff*, 295 P.2d 795 (Okla.1956), meant that any special assessment lien not mentioned in the notice of sale is not extinguished by county resale for delinquent ad valorem taxes, precisely because the liens are co-equal. Appellees submitted an affidavit from their daughter, who acted as Appellees' agent, that the county treasurer had advised all bidders at the 1991 resale that the property was being sold sub-ject to the nuisance abatement lien.[3] They also sought to cast doubt on the deputy treasurer's affidavit.

In *Carnes*, the court held that a sale of property for delinquent ad valorem taxes did not extinguish a municipal sewer lien because the sewer lien was not mentioned in the advertisement for sale. *Carnes*, 280 P.2d at 476. The court in *Moss* held that a special assessment lien for refund of street improvement bonds was not extinguished by a county resale for delinquent ad valorem taxes. *Moss*, 295 P.2d at 796 syllabus 2, 800. The governing principle of these two cases appears to be that, if a municipal assessment lien is clearly noticed and advertised as part of the sale, it will be extinguished when the property is sold. If the municipal lien is not included in the notice and advertisement of tax resale, then a sale of the property for delinquent ad valorem taxes will not affect the validity or continued vitality of the assessment lien. And, if a municipal lien is specifically made subject to liens of some other entity, it may be extinguished. *See, e.g.*, *Nix v. Reynolds*, 193 Okla. 15, 141 P.2d 86, 87–88 (1943).

By reply, Appellant submitted to the trial court another affidavit from the chief deputy county treasurer and exhibits to show that the city nuisance abatement lien was included in a printed list of outstanding liens attached to the notice of tax resale. With that, Appellant argued that the 1991 resale included all outstanding charges against the property, including the city's lien. The authorities cited by Appellant both rely on the holding of *Shnier v. Vahlberg*, 188 Okla. 471, 110 P.2d 593 (1941). In *Shnier*, the court held that a tax resale in 1939 extinguished and cancelled delinquent taxes for part or all of the three prior years. *Id.*, 110 P.2d at 594–95; *see also* *McDonald v. Duckworth*, 197 Okla. 576, 173 P.2d 436, 438 (1946).

By surreply, Appellees offered an affidavit from another person present at the 1991 resale who was acting as agent for the successful bidder (Appellant's predecessor in interest), to corroborate that the county trea-

---

3. Appellees suggested that the existence of the nuisance abatement lien was the reason that the property sold for such a low price at the 1991 resale. The tax resale deed recites that the property was sold for one dollar ($1.00).

surer advised all bidders at the resale that the property was being sold subject to the city's nuisance abatement lien.

The trial court held that city's lien was not extinguished by the 1991 resale because it was not included in the advertisement for sale, and rendered judgment accordingly in favor of Appellees. Because the parties agree that there were no unpaid ad valorem taxes or other assessments against the property in 1994, the sole issue presented to this Court is whether the trial court's holding is correct. We hold that it is.

The uncontroverted evidence shows that, even though the city's lien was included in the computer-generated list of assessments against the property sent to interested persons prior to the 1991 sale, the advertisement for sale did not mention the city lien, and the county treasurer *expressly* sold the property subject to the city's lien. The rule in cases cited by Appellant, that issuance of a resale tax deed ordinarily will pass a fee title free and clear of existing taxes and assessments, is not absolute. If a tax resale is explicitly or implicitly made subject to an existing charge against the property, the charge is not extinguished; and, either by omission from the advertisement for sale or by announcement before the sale, if a particular charge is excluded from the sale, the charge is not extinguished.

The trial court correctly held that the 1991 resale did not extinguish the municipal nuisance abatement lien, and that Appellees obtained the fee title to the property by resale deed in 1994. The judgment in favor of Appellees is therefore affirmed.

AFFIRMED.

GARRETT, J., and ADAMS, V.C.J., concur.